THOMAS T. FLOYD et al. v. EDWIN I. THOMAS.

*Waste—Evidence, Collateral and Direct— Witness.*

In an action by remainderman against tenant-for-life for waste, the defendant testified that he used the land as a prudent owner of the fee would have done; and further, that at the time of the commission of the alleged waste he believed he was the owner of the fee: *Held*, that the testimony of his belief of ownership was not collateral merely, but went directly to support his evidence as to the manner in which he had used the land, and, therefore, might be contradicted by competent proofs.

This was an action of waste, tried at Spring Term, 1890, of NORTHAMPTON Superior Court, before *Womack, J.*

The plaintiffs alleged as a ground for demanding damage that the defendant committed voluntary waste by cutting valuable timber trees, and also permitted the dwelling-house, stables, barns and out-houses to fall into decay for want of repairs.

The defendant answered that he had dealt with the land in a husbandman-like manner, and, in clearing, had been careful to observe the proper proportions which prudent owners in fee would, between cleared and wood land, observe in clearing the wood land, and that, until the dwelling-house

was burned, it was occupied by John G. Floyd and wife Emily. The defendant averred further that, under his management, the land had been made more valuable than when he took possession.

The defendant Thomas was examined as a witness in his own behalf, and testified, in substance, that there had been no waste committed; that he (witness) had used the land as a prudent man would his own land, and that at the time the acts alleged to constitute waste were committed he believed that he was the owner in fee-simple of the *locus in quo*, and used it as he did his own land.

On cross-examination, he was asked by plaintiffs' counsel if he did not know that he never was the owner in fee-simple of the land. Witness answered " No."

He was then asked whether, in another action between plaintiffs and witness, determined at January Term, 1889, of Northampton Superior Court, it had not been decided that witness was tenant-for-life of Mrs. J. G. Floyd, and that the plaintiffs herein were the remaindermen. Witness answered " Yes."

Witness was then asked whether he did not, in his verified answer filed in that action. admit that when he bought the land from J. G. Floyd he knew that said Floyd paid for it with the proceeds of slaves in which Mrs. Floyd had a life-estate, with remainder to the present plaintiffs. Witness answered " No; he never knew anything about how it was paid for."

Thereupon, the plaintiffs offered in evidence the said answer of defendant. Defendant objected, on the ground that the matter was collateral and plaintiffs were bound by his answer. Objection overruled, and defendant excepted to the part of the answer mentioned which admitted notice of the purchase of the land with said slaves at the time witness purchased. Verdict for the plaintiff. Motion for a new trial refused. Judgment. Appeal by defendant.

*Mr. R. O. Burton, Jr.,* for plaintiff.
*Messrs. W. H. Day* and *R. B. Peebles,* for defendant.

AVERY, J.—after stating the facts: The defendant, after testifying on his examination in chief, that he had, as tenant-for-life of Mrs. Emily Floyd, used the land as a prudent man would his own, stated further, without objection, that at the time when it was alleged he had incurred liability for waste he believed he was the owner in fee-simple, and had exercised the same care in the management of it that he had exhibited in dealing with his own land.

The gravamen of the complaint is that the defendant unlawfully cut down and destroyed valuable timber trees. The defence is that he cut down trees in clearing such a portion of the wood land as a prudent owner in fee, observing the accepted rules of good husbandry, would have cleared for cultivation, and was not therefore answerable to the remaindermen for voluntary waste.

The jury in responding to the issues would be required to pass upon the question whether the defendant inflicted lasting injury to the inheritance in preparing timbered land for cultivation, or whether the cutting of trees was merely incidental to the opening for cultivation of such portion of the wood land as, in the exercise of reasonable care, he would have cleared had he been the owner in fee. He had been allowed to testify, without objection, that he did not believe at the time that he was only a life-tenant. Whether this testimony was competent or not, it was certainly not collateral. The defendant had been permitted to state his opinion as to the nature of his own estate in the land. He had, therefore, the benefit of whatever weight the jury might give to that fact in determining whether he was as careful as a prudent owner of the fee would have been in adjusting the proportion of cleared and wooded land. Having testified, therefore, to an opinion which tended to corroborate his

statement that in fact he managed the land as a skillful husbandman would his own, it was competent to contràdict him by asking whether he knew certain facts inconsistent with such belief on his part, and then to put in evidence a verified answer filed by the witness embodying statements not reconcilable with his evidence. 1 Greenleaf on Ev., § 449; *State* v. *Kirkman*, 63 N. C., 246; Stephens' Dig. of Ev., Art. 132. Collateral facts are such as are incapable of affording any reasonable presumption or inference as to the principal fact or matter in dispute. 1 Greenleaf, § 52. As we have seen, the opinion given in this case became important on account of its tendency to corroborate the evidence of the defendant upon the very question on which the finding of the jury depended, and the plaintiff could not refrain from contradicting it without peril The case, therefore, does not fall within the rule in reference to collateral matters. *Edwards* v. *Sullivan*, 8 Ired., 302. The belief that he was the owner in fee, if it existed, was calculated to stimulate . the defendant to exercise care in dealing with the land. It was a motive to make him act the part of a prudent person holding the fee. Proof that he knew he had no more than a life-estate was evidence, if not of an incentive to commit waste, at least of the absence of any selfish motive for protecting the inheritance against injury.

We think, therefore, that there was no error in admitting the testimony, and the judgment is affirmed.

Affirmed.