WOOD *et al. v.* SHORE *et al.*

HILL, J. 1. "The general rule is that when a municipal corporation is created it becomes vested with jurisdiction over the territory embraced within its corporate limits, and the mere fact that there has been a valuable improvement made by the county authorities on one of the streets of an incorporated city does not oust the municipality of its jurisdiction over such street. The above is true notwithstanding the street improved was, before the incorporation of the city, a part of an established public road of the county." *Almand* v. *Atlanta*, 108 *Ga.* 417 (2), 426 (34 S. E. 6); *Marshall* v. *County of Floyd*, 145 *Ga.* 112, 119 (88 S. E. 943), and cases cited.

2. The general rule is that an exemplification of a municipal ordinance is not admissible in evidence unless duly certified under the ·corporate seal of such municipality. *Central of Ga. Ry. Co.* v. *Bond*, 111 *Ga.* 13 (36 S. E. 299); *Sewell* v. *Tallapoosa*, 145 *Ga.* 19 (88 S. E. 577). But where a municipality has no seal, it is not error to admit in evidence an original ordinance, where it is admitted to be such. See *Myers* v. *Wright*, 158 *Ga.* 419 (12 S. E. 740); *Rogers* v. *Tillman*, 72 *Ga.* 479.

3. Under the charter of the Town of Baldwin (Acts 1923, p. 448, 486, sec. 90), the mayor and council "shall have power to either lay off, vacate,

close, alter, pave, curb, and keep in good order and repair roads, streets, alleys, thoroughfares, sidewalks, crosswalks, driveways, drains and gutters, for the use of the public or for any citizen thereof." The above language of the charter is broad enough to authorize the Town of Baldwin to vacate, close, or alter any street or road or thoroughfare within such municipality.

4. Applying the rulings made in the foregoing notes to the facts of this case, the court did not err in granting the interlocutory injunction.

*Judgment affirmed. All the Justices concur.*

No. 4474. March 13, 1925.

Injunction. Before Judge Russell. Banks superior court. June 28, 1924.

W. A. Shore and J. E. King, as residents and taxpayers of Banks County, brought an equitable petition for injunction, etc., against Zeb Wood, warden, and R. C. Moss and others as county commissioners, and alleged, in substance, that on September 19, 1923, under and by virtue of the charter of the town of Baldwin (Acts 1923, p. 448, sec. 90), the town vacated and closed up what is known as "the Johnnie Ford road or street;" that prior to the above date the authorities of Banks County had abandoned the road or street as a public thoroughfare and had taken and removed therefrom all of the culverts, drain-pipes, etc., from the road or street, and since the abandonment of the road or street it has been of no public service or utility to any of the citizens or taxpayers of the county of Banks; that W. A. Shore is the owner in fee simple of the land on either side of the street or road from beginning to end, and prior to the time the public ceased to use it as a highway he owned the fee to the center of the road, thus placing in him the fee-simple title to the entire roadway, subject only to the easements of the public while it was thus used as a public thoroughfare; that after the road was abandoned and closed by the county authorities, and after it was vacated by authority of the town of Baldwin, plaintiff became vested with the right to the use of the property, free from any limitation and free from the servitude which had been formerly imposed upon the property as a public highway; that R. C. Moss, who is acting as one of the county commissioners, is undertaking by virtue of his office and in conjunction with the other defendants, who are also members of the board of commissioners of roads and revenues, to appropriate the property of plaintiff without first having paid him therefor just compensation; that they have gone in on the property of plain-

tiff and are now digging, grading, and disturbing the soil thereof and are undertaking to grade the property and put it in position to be used again for vehicular travel, notwithstanding the same has been closed by an order of the municipal corporation having jurisdiction over the same, the entire road being within the corporate limits of the town of Baldwin; that the defendants have no right, title, or interest in and to the property, and have no right to appropriate the same for their benefit or for the benefit of others; that the defendants are undertaking to appropriate the money of the taxpayers of Banks County for the purpose of grading, digging, repairing, and putting the road or street in condition for travel; that they have no right or authority to spend the money of the taxpayers of the county for such purpose, there being no public necessity for the said road; that the defendants have not laid out and established a public road on plaintiffs' property as provided by law; that plaintiffs have no adequate remedy at law; and that unless the defendants are restrained and enjoined from using the funds belonging to the public of Banks County in the manner indicated, plaintiffs will be remediless. They pray that the defendants be enjoined from going upon, trespassing upon, digging, plowing, working, or doing any other act on the property herein described, and from spending any of the money of the taxpayers of Banks County for any of the purposes specified in the petition.

The defendants filed an answer to the petition, admitting some of the allegations and denying others, and specifically averring, among other things, that the town of Baldwin had no power or authority under its charter to abandon or vacate the road, and any action of the mayor and council undertaking to do so would be without authority and a nullity; that a portion of the road was rendered impassable on account of W. A. Shore, one of the plaintiffs, cutting ditches and draining water in the road, or having the same done in a way to cause this portion of the road to wash away and become impassable, in order to force defendants to abandon the road in order that the general public traveling the road would be forced to pass through the town of Baldwin and by the store and other places of business owned and operated by W. A. Shore, which would be a much further road and more dangerous on account of the fact that there is a very sharp curve just in front of the bank building in Baldwin, which is on a very heavy grade.

rendering this portion of the road very dangerous for persons driving mules, wagons, and other vehicles; and that if the road is abandoned and allowed to become impassable, it would work a great hardship upon the citizens of Banks County and the traveling public in general. Defendants deny that the road has been closed or vacated, that the town of Baldwin has any authority under its charter to vacate or close it, and that Shore has the right to use the property, except as a public highway and in common with the general public. They admit that by the use of the chain-gang Zeb Wood, warden, is repairing the road and undertaking to put it in a passable condition, and to repair the damages caused by the wrongful acts of W. A. Shore, who has no right on the property other than as a citizen using a public highway; and they deny that they are liable to him for the value of the property, or that it is necessary to have it condemned; but they allege that they and their predecessors have been in actual, continuous, adverse possession of the road for more than sixty years, using the same as a highway, which has been kept up by the general public; and they have never abandoned the road, etc. It is prayed that plaintiffs, their servants, agents, or employees be enjoined- from interfering with the road or in any way interfering with the defendants, their agents, employees, or convicts of the county in working the road, and from interfering with the travel on the road of any citizen of Banks County, or of the general public; that the town authorities of Baldwin, their agents, servants, or employees be enjoined from obstructing or closing the road or street or from in any way interfering with the travel on the road of any citizen·of Banks County or of the general public.

The court at the interlocutory hearing ordered that the restraining order theretofore granted be continued in force until the case is finally determined at a regular session of the superior court of Banks County, and that W. A. Shore be restrained from doing any act, other than cultivating the land, which would render the strip more unsuitable for a highway than at the time the restraining order was granted. To the granting of this injunction the defendants excepted.

*J. B. G. Logan, W. S. Erwin, G. D. Crawford,* and *J. J. & Sam. Kimzey,* for plaintiffs in· error.

*Charters & Wheeler* and *W. W. Stark,* contra.