CITY OF STATESBORO *et al.* v. DORMAN *et al.*

JENKINS, Chief Justice. 1. "Every thoroughfare which is used by the public and is common to all the public, and which the public has a right to use, is a highway." *Southern Railway Co.* v. *Combs,* 124 *Ga.* 1004 (1) (53 S. E. 508); *Hines* v. *Wilson,* 25 *Ga. App.* 63 (2) (102 S. E. 646).

2. "A municipal corporation is without power to vacate a public thoroughfare, unless authority so to do be conferred upon it in express terms or by necessary implication." *Coker* v. *Atlanta, Knoxville & Northern Ry. Co.,* 123 *Ga.* 483 (1) (51 S. E. 481).

3. "If the strip of land in controversy was in fact a public alley at the time this suit was filed, any person whose property rights would be specially injured by an unauthorized abandonment or obstruction of it would be entitled to maintain an action to prevent such injury." *City of Rome* v. *First Nat. Bank of Rome,* 188 *Ga.* 279, 281 (1) (3 S. E. 2d, 653).

4. "Authority to 'open, lay out, to widen, straighten, or otherwise change' streets within the city does not comprehend the power to abandon a thoroughfare and open another to take its place over a strip of land running parallel with, but some twenty-six feet distant from, the nearest boundary line of the street sought to be vacated and devoted to a pur-

pose inconsistent with its use by the public." *Coker* v. *Atlanta, Knoxville & Northern Railway Co.,* 123 *Ga.* 483 (b) (supra).

5. Neither the authority conferred by the charter of the City of Statesboro (Ga. L. 1912, pp. 1361-62, § 50)—by which "The Mayor and Board of Councilmen shall have full and complete power and authority over all the streets, lanes, alleys, sidewalks, crossings, parks, and public lands of said city. They shall have full and complete power and authority to manage, control, direct, work, grade, drain and pave the same, or cause the same to be done. . . They shall have full and complete power and authority to regulate, lay out, open, grade, drain and control new streets, lanes, alleys, crossings and sidewalks," and the power to remove obstructions and to exercise the right of eminent domain for such purposes nor the authority conferred by the amendment to the charter (Ga. L. 1927, p. 1574, § 3)—by which it is declared that the municipal authorities "are authorized and empowered to establish and to change the grade of, and to pave and otherwise improve, any street or streets, or any portion or part thereof, within the corporate limits of the said city"—can be taken to authorize the closing up and abolition by the municipal authorities of a public street or alley.

(a) The rule is different where the power to close up and abolish a public street or alley is expressly conferred. *Wood* v. *Shore,* 160 *Ga.* 173 (3) (127 S. E. 145); *Jones* v. *Decatur,* 189 *Ga.* 732 (7 S. E. 2d, 730).

(b) Nothing hereinbefore ruled is in conflict with the decision by this court in *Patton* v. *Rome,* 124 *Ga.* 525 (52 S. E. 742) where the city authorities had been given authority to "open, lay out, to widen, straighten, or to otherwise change streets, alleys, and squares in said city," and where the court held that merely reducing the street to a uniform width of 65 feet for its full length, and leaving it "open to the free and unobstructed use of the public," did not exceed the charter powers conferred. Nor is what is here decided in conflict with the ruling in *Adair* v. *Spellman Seminary,* 13 *Ga. App.* 600 (5) (79 S. E. 589), where, contrary to the facts in the instant case, the street was merely straightened instead of an attempt being made to close it, there the termini of the changed portion of the street remaining the same.

6. Under the foregoing rulings, the judge did not err in holding that the city authorities were without charter authority to close the public lane or alley herein involved.

*Judgment affirmed. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*

No. 16018. NOVEMBER 12, 1947.

*George M. Johnston* and *W. G. Neville,* for plaintiffs in error. *Hinton Booth,* contra.