CAESAR BACCHUS PIPER, JR., v. H. F. ASHBURN AND JOHN WESLEY ASHBURN, AND H. F. ASHBURN, GUARDIAN AD LITEM FOR JOHN WESLEY ASHBURN.

(Filed 2 November, 1955.)

**Evidence § 19—**

Where a passenger in a car, in testifying for the driver, states that the driver told her that when he entered the intersection the traffic control light was green, and that his driving did not alarm her so she was assuming he was driving safely, *held*, it is competent for the adverse party, on cross-examination, to elicit from her testimony, for the purpose of impeachment, that in her separate action against the driver she had alleged that he entered the intersection when the red light was against him, and the court's

action in withdrawing from the jury such impeaching evidence must be held for prejudicial error.

APPEAL by defendants from *Sharp, Special J.,* at 18 April, 1955 Civil Term, of FORSYTH.

Civil action to recover damages to person and property allegedly sustained by plaintiff as result of actionable negligence of defendants.

The action arose out of an automobile collision which occurred about 8 o'clock p.m. on 19 October, 1954, at the intersection of Glenn Avenue and 25th Street in the city of Winston-Salem, N. C., between plaintiff's automobile, operated by him in easterly direction on 25th Street, and in which Dr. Vermelle Kelly was riding, and an automobile owned by defendant H. F. Ashburn, and operated by his son, the defendant John Wesley Ashburn, traveling in a northwardly direction on Glenn Avenue. Traffic at this intersection is regulated by an overhead traffic electric signal. The controversy revolved around question as to whether the plaintiff, Dr. Piper, or the defendant, John Wesley Ashburn, had the right of way as they approached the intersection.

Upon the trial in Superior Court Dr. Piper, as witness for himself, testified in pertinent part: "At no time before I entered the intersection did that light turn red for eastbound traffic, the traffic going the way I was going; it did not turn yellow before I entered the intersection. My vehicle got into the intersection first."

John Wesley Ashburn testified in pertinent part: "As I continued north at the intersection the traffic signal was green for me . . . it did not then change to any other color . . ."

And Dr. Vermelle Kelly testified as a witness for plaintiff Dr. Piper. She stated that she did not recall anything about the accident—that she was knocked unconscious. Then on cross-examination she testified that she did not ask Dr. Piper whether he entered the intersection on a green or against a red light; that he told her that when he entered Glenn and 25th the light was green; and that she brought suit against Mr. Ashburn and against Dr. Piper. Then, still on cross-examination, the witness, Dr. Kelly, was asked this question: "Q. And in your complaint you stated that Dr. Piper entered that intersection when the light was red against him, didn't you?", to which she answered "Yes." The court first overruled objection to the question. But when plaintiff rested his case, and before the charge proper, the court called the attention of the jury to the question and answer, and gave this instruction: "Now, there was an objection to that question, which the court overruled. On further consideration, I have come to the conclusion that that objection should have been sustained; that it is not competent for you to consider in this case what Dr. Kelly alleged in her case about

the red light; so I now instruct you not to consider that statement of Dr. Kelly. Remove that from your minds and consideration in this case." To this ruling of the court defendants in apt time excepted. Exception No. 1.

Later on in her cross-examination Dr. Kelly testified. in respect to Dr. Piper: "His driving didn't alarm me, so I am assuming he was driving safely."

The case was submitted to the jury upon issues arising upon the pleadings as they relate to plaintiff's alleged cause of action, and to defendant's cross-action and counterclaim.

The jury answered the issues favorable to plaintiff, and from judgment for plaintiff in accordance therewith, defendants appeal to Supreme Court and assign error.

*Weston P. Hatfield and Smith, Moore, Smith & Pope for plaintiff, appellee.*

*Deal, Hutchins & Minor for defendants, appellants.*

WINBORNE, J. Assignment of error No. 1 based upon exception to the ruling of the trial court in excluding the affirmative answer given by Dr. Kelly to the question asked her about statement she made in her complaint that Dr. Piper entered the intersection when the light was red against him is well taken. This answer by her was competent for impeachment. Speaking of the rule as to prior inconsistent statements for impeachment purposes, Stansbury in his treatise on North Carolina Evidence, Section 46, p. 67, has this to say: "A witness may be impeached by proof that on other occasions he has made statements inconsistent with his testimony on the present trial. Such statements may have been made orally, either informally or in the course of the witness' testimony at a former trial or hearing, or they may have been in writing . . .," citing among other cases *Floyd v. Thomas*, 108 N.C. 93, 12 S.E. 740. See also recent case of *S. v. Hart*, 239 N.C. 709, 80 S.E. 2d 901.

It is noted that the record of case on appeal shows that Dr. Kelly, though suing Dr. Piper in another action, is here testifying for him as to statement made by him to her, corroborative of his testimony given in this case; and also saying she is assuming he was driving safely.

We, therefore, hold that there is prejudicial error in excluding her answer to the question asked, for which there must be a new trial. *S. v. Hart, supra.* Other assignments of error need not be expressly considered, since the matters to which they relate may not recur at next trial.

New trial.