338 So.2d 385 (1976)
William E. VINSON, Jr.
v.
Constance H. GLENN, Administratrix of the Estate of Alfonso Greer Glenn.
No. 48825.
Supreme Court of Mississippi.
September 28, 1976.
Rehearing Denied November 9, 1976.
Prewitt, Braddock & Varner, R. Louis Field, Vicksburg, for appellant.
Ramsey, Bodron, Thames & Robinson, Vicksburg, Watkins & Eager, William E. Suddath, Jr., Jackson, for appellee.
Before INZER, SMITH and BROOM, JJ.
INZER, Presiding Justice, for the Court:
William E. Vinson, Jr. appeals from a judgment of the Circuit Court of Warren County awarding him $2,500 as damages for personal injuries growing out of the collision between the automobile driven by him and one driven by Alfonso Greer Glenn.
The record in this case reveals that appellant was injured on January 3, 1970, at about 6 p.m. when the vehicle he was driving struck the right side of the vehicle driven by Mr. Glenn. The accident happened on U.S. Highway 80 at the point where the driveway to the Holiday Inn in Vicksburg intersects with the highway. Highway 80 is a four-lane highway with two lanes for eastbound traffic and two lanes for westbound traffic, divided by a median strip. The Holiday Inn is south of the highway and there is a cross over for vehicles crossing the median strip and entering the driveway to the Inn.
At the time of the trial of this case, Mr. Glenn was dead and the provisions of Section *386 13-1-7, Mississippi Code 1972 Annotated, commonly referred to as the "dead man statute" prevented the appellant from testifying. Mrs. Glenn was called by appellant as an adverse witness and she testified that she was riding as a passenger in the car driven by her deceased husband. She said they were attempting to cross the south lanes of the highway to enter the driveway of the Holiday Inn when their car was struck by a car driven by Vinson. She said that they stopped in the lane for traffic making a left turn and waited for the traffic to clear. She looked to the right and at the time they started across the eastbound lane, she did not see any vehicle approaching the intersection. Her husband then drove slowly across the intersection, and just as they were entering the driveway leading to the Holiday Inn, their vehicle was struck by another vehicle. She said she did not hear or see the car that struck them. She did not see any lights and it seemed to her as if it just descended from above. The force of the collision knocked their car completely off the street and upon the grass on a small knoll. The Vinson vehicle was situated in the driveway to the Inn. Both Mr. and Mrs. Glenn were injured in the accident.
James Gardner, who was riding as a passenger in the Vinson vehicle, was called as a witness for the plaintiff and he testified that he suffered a brain injury in the accident and did not remember anything about how it happened. On cross examination it was brought out, over the objection of Vinson, that the witness had brought suit in the Circuit Court of Hinds County against both Glenn and Vinson charging Vinson was negligent in failing to keep a proper lookout, driving at a high and dangerous rate of speed and failed to reduce his speed after seeing the Glenn automobile in the intersection.
The trial court was of the opinion that the witness was subject to cross examination as to whether he remembered anything about the accident and the defendant had a right to impeach the witness on the basis of his testimony or lack of testimony and it was proper to ask him questions relative to the allegations made in his behalf in another county dealing with the issue of negligence.
Appellant was injured in this accident and carried to Mercy Regional Medical Center where he was treated by Dr. William B. Hobson, Jr. Dr. Hobson testified that Vinson had multiple deep cuts over the upper part of the forehead and down into the scalp area. The lacerations required approximately 100 sutures. Appellant remained in the hospital for four days and was finally discharged by Dr. Hobson in May 1970. At that time the lacerations had completely healed leaving some scars.
Appellant was examined in October 1973 by Dr. Lucian Hodges, a neurosurgeon. Dr. Hodges testified that appellant related to him that four years previous he had suffered the lacerations to the left forehead in an automobile accident. Dr. Hodges said that Vinson told him that since that time he had had some numbness in the left forehead area and headaches. The headaches occurred particularly when he wore a hardhat in his work as a welder. Dr. Hodges said that he found, from purely a subjective examination, an indication that appellant had some damage to the nerve that goes from just around the eye-brow to just above the forehead. The doctor was of the opinion that appellant would continue to have intermittent headaches that would respond to treatment by aspirin.
The jury returned the following verdict: "We, the jury, find the Glenns more at fault and award Mr. William Vinson, Jr. $2,500 which includes medical expense and all other expenses incurred." As a result of this verdict a judgment was entered in favor of Vinson in the amount of $2,500. A motion for a new trial was overruled and Vinson appealed.
Appellant urges that the trial court erred in admitting in evidence a declaration filed by the witness James Gardner in the Circuit Court of Hinds County. Appellant relies upon the rule announced in Phillips v. Dow Chemical Co., 247 Miss. 293, 151 So.2d 199 (1963), and other cases to the effect *387 that unsworn pleadings in a cause are not admissible in evidence as admission of the facts therein contained. However, the pleading referred to was not admitted in evidence by the trial court as proof of facts or admissions contained therein, and the jury was so instructed. The instruction told the jury that it should not consider the declaration as proof of any negligence on the part of the plaintiff or defendant. We hold that although Gardner testified he did not remember anything about how the accident happened, he was subject to be impeached by showing that on another occasion he had made statements inconsistent with his testimony. Gardner, when questioned about the lawsuit he had filed, denied that he had given the facts contained in the declaration to his attorney. However, his denial did not prevent the introduction of the declaration for the purpose of impeachment. The denial affected only the weight of the testimony and not its admissibility. Piper v. Ashburn, 243 N.C. 51, 89 S.E.2d 762 (1955); Helton v. Huckeba, 365 Mo. 93, 276 S.W.2d 78 (1965); and Selph v. Evanoff, 28 Mich. App. 201, 184 N.W.2d 282 (1970).
Appellant also urges that the trial court was in error in overruling his objection to an instruction given at the request of the defendant which authorized the jury to find that appellant was guilty of contributory negligence. It is contended that there is no evidence to support the granting of this instruction and the finding by the jury that appellant was guilty of contributory negligence. With this contention we are unable to agree. Appellant overlooks the fact that he called Mrs. Glenn as an adverse witness and he is bound by that part of her testimony that he failed to contradict. The jury could find from her testimony and the physical facts testified to by the officers that appellant was guilty of contributory negligence.
Finally, appellant urges that the trial court erred in not granting him a new trial because the verdict of the jury was so inadequate as to evince bias, passion and prejudice on the part of the jury. We find no merit in this contention for the reason that the jury, having found that appellant was guilty of contributory negligence had the duty to diminish the amount of appellant's damages in proportion to the degree of his negligence. After a careful review of the evidence in this case, we cannot say that the verdict of the jury in this case is so inadequate as to evince bias, passion and prejudice on the part of the jury. Hankins v. Sanderson Farms, Inc., 226 So.2d 723 (Miss. 1969) and Hawkins v. Hillman, 245 Miss. 385, 149 So.2d 17 (1963).
There being no reversible error in this case, it must be and is affirmed.
AFFIRMED.
GILLESPIE, C.J., PATTERSON, P.J., and SMITH, ROBERTSON, SUGG, WALKER, BROOM and LEE, JJ., concur.