MARY EDITH BURRISS v. ROBERT VON HEAVNER AND BRENDA HARRIS HEAVNER

No. 8627SC655

(Filed 16 December 1986)

**Witnesses § 6.1— bankruptcy application—relevancy on damages and credibility issues**

> Cross-examination of plaintiff in an automobile accident case about a statement in a corporate bankruptcy application she signed as corporate president that her salary was $500 per week was relevant to the damages issue and to the issue of plaintiff's credibility since it contradicted plaintiff's testimony that her company salary was $1,000 per week.

APPEAL by plaintiff from *Sitton, Judge.* Judgment entered 27 January 1986 in Superior Court, GASTON County. Heard in the Court of Appeals 17 November 1986.

In this civil action for personal injuries sustained when plaintiff's car was struck from the rear by a car driven by one defendant and owned by the other, the jury returned a verdict in favor of the plaintiff for $5,000 and she appealed.

*Harris, Bumgardner & Carpenter, by Reid C. James and Nancy C. Northcott, for plaintiff appellant.*

*Stott, Hollowell, Palmer & Windham, by James C. Windham, Jr., for defendant appellees.*

PHILLIPS, Judge.

Since the record on appeal does not contain the testimonial evidence adduced at trial in either of the forms authorized by Rule 9(c) of the N.C. Rules of Appellate Procedure, plaintiff's contention that the trial court erred in denying her motion to set aside the verdict as being against the greater weight of the evidence cannot be reviewed. But copies of the transcript pages relating to plaintiff's other assignment of error are appended to the briefs of both parties and we will determine the question that it raises.

By that assignment of error plaintiff contends that the trial court erred to her great prejudice in permitting defense counsel to cross-examine her about an irrelevant matter—the bankruptcy

Burriss v. Heavner

of a company of which she was President and co-owner. But the transcript pages involved show that the matter that she was cross-examined about was relevant to two issues in the case and the assignment is therefore overruled. On direct examination plaintiff testified that when she was injured in the accident and prevented from earning her usual income that her company salary was $1,000 a week. The cross-examination that she objects to was about a statement in the bankruptcy application, which she signed as President, that her salary was $500 a week at that time. G.S. 8C-1, Rule 611(b) provides that, "[a] witness may be cross-examined on any matter relevant to any issue in the case, including credibility." Since plaintiff's testimony on cross-examination tended to contradict her testimony on direct examination, it certainly bore upon her credibility as a witness and defendants had a right to present it. *Piper v. Ashburn*, 243 N.C. 51, 89 S.E. 2d 762 (1955). It was also relevant to the damages issue, since it tended to show that plaintiff lost less income because of the injury than her earlier testimony indicated.

No error.

Judges BECTON and EAGLES concur.