## 44582. PRICE v. DEPARTMENT OF TRANSPORTATION.
(361 SE2d 146)

GREGORY, Justice.

We granted the writ of certiorari in *Price v. Dept. of Transp.*, 182 Ga. App. 353 (356 SE2d 45) (1987), to determine whether providing liability insurance covering employees of the Department of Transportation (DOT) waived the sovereign immunity of DOT. The application was brought to this court at the time we were considering the related case of *Martin v. Ga. Dept. of Public Safety*, 257 Ga. 300 (357 SE2d 569) (1987). In *Price* the Court of Appeals affirmed the trial court's judgment which held there was no waiver of sovereign immunity. We reverse.

Price filed suit by next friend in Dougherty Superior Court praying for damages for personal injuries suffered in an automobile collision in Albany on May 10, 1983.[1] She alleged the negligence of two automobile drivers caused a collision with her vehicle forcing her off the roadway and down a high fill which was on a bridge approach. She alleged the roadway was part of the state highway system under the jurisdiction of DOT and that it was maintained in an extremely hazardous condition. She particularly pointed to the absence of guard rails. A later amendment to the complaint named three employees of DOT, the maintenance area manager, district traffic and safety engineer and state road design engineer, whose negligence in the design and maintenance of the roadway she alleged contributed to her injuries and damages. The suit named DOT and its three employees as defendants together with the other automobile drivers, City of Albany, Dougherty County and two private corporations.

DOT moved to be dismissed and later for summary judgment on the basis of sovereign immunity. Discovery disclosed the existence of a certificate showing that comprehensive general liability insurance was provided under the Liability Trust Fund of the State of Georgia covering the three employees of DOT named in the suit. The certifi-

---

[1] While this event was prior to July 1, 1983, the effective date of the 1983 Constitution, DOT concedes the waiver provision controlling this case was also a part of the 1976 Constitution by way of an amendment which became effective prior to the date of this event. See *Toombs County, Ga. v. O'Neal*, 254 Ga. 390, 391 (330 SE2d 95) (1985).

cate showed there was coverage for "PERSONAL INJURY . . . caused by or resulting from error, omission or negligence in the performance of duties within the scope of an insured's employment. . . ." More specifically coverage was extended in the following language: "The fund will pay on behalf of any insured, all sums which the insured shall become legally obligated to pay as damages . . . arising out of the performance of or failure to perform official duties in the insured's capacity as an officer or employee and caused by the insured. . . ."[2] Notwithstanding the presence of insurance for the employees the trial court granted DOT summary judgment on the ground of sovereign immunity. The Court of Appeals affirmed while recognizing that the Georgia Constitution waives sovereign immunity where insurance is provided, but pointing out the policy here provided coverage only for employees of the DOT and not for the DOT itself.

We begin our analysis with the language of the Constitution. Art. I, Sec. II, Par. IX of the 1983 Constitution extends sovereign immunity to the state and all its departments and agencies. However, there are certain waivers. "[T]he defense of sovereign immunity is waived as to those actions for the recovery of damages for any claim against the state or any of its departments and agencies for which liability insurance protection for such claims has been provided but only to the extent of any liability insurance provided."

We note the waiver speaks of "actions" and of "claims."[3] For certain actions there is a waiver of sovereign immunity. They are: (1) Those actions involving a claim against the state, or any department or agency, (2) for which liability insurance protection for such claims has been provided, (3) but only to the extent of insurance provided. So the task is to determine if the claim asserted here is of the type described in the constitution. If it is, there is a waiver of sovereign immunity, not for the claim, but for the action. This is an action against both employees of DOT and DOT itself. DOT is a defendant and liable in tort, if at all, only because of the doctrine of respondeat superior. That is why it is a defendant in this action.

Now we shall determine if this is the type claim described in the waiver. Is it a claim against the state, a department or agency? Price

---

[2] We recognize that OCGA § 45-9-5 expresses a legislative intent that sovereign immunity of the state is not to be waived through the furnishing of insurance authorized by OCGA § 45-9-4. However, we are bound by the language of the constitution to reach a contrary result.

[3] This court has written before that a suit is an action or process in a court for the recovery of a right or claim. *Nixon v. Nixon*, 196 Ga. 148 (1) (26 SE2d 711) (1943). "Action" is used in this sense in the waiver clause in question. A claim is generally understood to be the aggregate of operative facts which give rise to a right enforceable in the courts. *Corporon v. Safeway Stores, Inc.*, 708 P2d 1385 (5) (Colo. App. 1985). It is so used here.

alleged the employees of DOT were negligent in performing their duties as employees in their supervision of design, construction and maintenance of the roadway. Is this a claim against the state (DOT) or only against employees? Recently, we looked at this issue in the context of deciding whether sovereign immunity extends to the acts of state employees. *Hennessy v. Webb*, 245 Ga. 329 (264 SE2d 878) (1980). We observed ". . . where an officer or agent of the state is sued in his official capacity or where such officers are sued for acting in areas where they are vested with discretion and empowered to exercise judgment in matters before them . . ." it is a suit against the state and sovereign immunity attaches. The officer or agent or employee is protected by sovereign immunity because the suit is in reality one against the state. Applying that rationale we hold the claim against the employees of DOT here is in reality a claim against the DOT. The allegations of negligence relate to acts or omissions requiring discretion and judgment. This then is a claim against the state, or more directly its department, DOT. Has insurance protection for such claim been provided? We hold that it has. The insurance policy names the employees as insureds and covers this claim. The fact that DOT is not named as an insured does not mean that insurance protection for the *claim* is not provided. The claim is covered. The insurer will pay the damages within the limits of the policy. To any extent the insurance will not pay the damages sovereign immunity is not waived. See *Martin*, supra.

*Judgment reversed. All the Justices concur.*

## On Motion for Reconsideration.

While the record before us reflects that the three employees of DOT mentioned in the opinion are parties to this case, on motion for reconsideration DOT has pointed out that the record on appeal is incomplete in that regard. DOT asserts the original complaint did not name the employees as defendants but after their identities were ascertained by discovery, Price filed a motion seeking to have them made defendants. This motion was before the trial court and argued at the same time as the motion for summary judgment filed by DOT. The trial court granted the motion for summary judgment without ruling on the motion to add the employees as defendants. That motion is still pending below.

When the case returns to the trial court the judge shall rule on the motion to add the employees as defendants. If they, or any of them, are made defendants there is a waiver of sovereign immunity as to the DOT as stated in the opinion. Since a waiver depends upon the presence of a claim in the action for which liability insurance protection has been provided, if no employee is made a party defendant

there will be no waiver as to DOT. In that event summary judgment for DOT is affirmed.

DECIDED OCTOBER 7, 1987 —
RECONSIDERATION DENIED OCTOBER 28, 1987.

*Burt & Burt, Hilliard P. Burt, Terry J. Marlowe,* for appellant.
*Michael J. Bowers, Attorney General, Charles M. Richards, Beverly B. Martin, Assistant Attorneys General, Sharon A. Gay,* for appellee.
*Goodman & Bush, James E. Goodman, F. Clay Bush, Stephen H. DeBaun,* amici curiae.