44196. DEPARTMENT OF TRANSPORTATION v. LAND.
(362 SE2d 372)

SMITH, Justice.

This case is before us by grant of the writ of certiorari from the Court of Appeals. The question is whether or not the Court of Appeals was correct in its interpretation and application of OCGA § 32-2-6. The opinion of the Court of Appeals as set out in *Dept. of Transp. v. Land*, 181 Ga. App. 94 (351 SE2d 470) (1986), correctly states the law of Georgia on this subject and we adopt and affirm the judgment subject to the following three paragraphs.

If the allegations contained in the petition are found to be true, i.e., that the Department of Transportation (DOT) and Whitfield County were jointly involved in the installation, maintenance, and control of the traffic light in question, it would make the DOT and the county joint tortfeasors and jointly and severally liable. The county is liable up to the $500,000 liability insurance it purchased. *Toombs County v. O'Neal*, 254 Ga. 390, 391 (330 SE2d 95) (1985).

*Price v. Dept. of Transp.*, 257 Ga. 535 (361 SE2d 146) (1987) answers the motion to reinstate the DOT as a named party defendant. The fact that DOT is not named as an insured does not mean that insurance protection for the claim is not provided. *Price* specifically states that the claim is covered to the extent of the insurance provided to employees of DOT, and if they are named in the complaint, then it is proper to name DOT as a party defendant. Therefore, DOT can be a named party defendant. In addition to the waiver of immunity to the extent of insurance coverage, DOT is also liable as provided in OCGA § 32-2-6.

Therefore, the Court of Appeals' opinion is affirmed except as to that part of the opinion affirming the trial court's dismissal of DOT as a named party.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED DECEMBER 2, 1987.

*Michael J. Bowers, Attorney General, Marion O. Gordon, First Assistant Attorney General, Roland F. Matson, Senior Assistant Attorney General, Charles M. Richards, Assistant Attorney General, Eric A. Brewton,* for appellant.

*Mitchell, Coppedge, Wester, Bisson & Miller, Warren N. Coppedge, Jr., Kinney, Kemp, Pickell, Sponcler & Joiner, F. Gregory Melton,* for appellee.