**Kimberly Lynn THORNE, Natural Daughter of Jonathan E. Thorne, Deceased, Plaintiff,**

v.

**LITTLEFIELD CONSTRUCTION COMPANY, et al.**

**Civ. A. No. 91–78–VAL (WDO).**

United States District Court,
M.D. Georgia,
Valdosta Division.

Jan. 16, 1992.

William P. Langdale, Jr., Willie Jake Linahan, Valdosta Ga., for Kimberly Lynn Thorne.

John Kent Edwards, James Bryant Thagard, Frank Thomas Young, Valdosta, Ga., for Littlefield Const. Co.

ORDER

OWENS, Chief Judge.

Before the court is a motion to dismiss filed by defendants Senkbeil, James, Poole, Hartley, Bullard, Anderson, and King. After careful consideration of the arguments of counsel, the relevant case law, and the record as a whole, the court issues the following order.

FACTS

Plaintiff's deceased was killed in a car accident that occurred on State Route 94. Plaintiff alleges that the accident was caused by a five inch drop on the side of the roadway. She further alleges that defendants Senkbeil, James, Poole, Hartley, Bullard, Anderson, and King, all employees of the Georgia Department of Transportation, were negligent in failing to inspect for and warn about this five inch drop. She also alleges that these defendants were agents of the Georgia Department of

Transportation (DOT) and that they were acting within the scope of their employment when this alleged negligence occurred.

Defendants have filed this motion claiming that they are immune from plaintiff's claims based on the Eleventh Amendment.

## DISCUSSION

■ Whether state DOT employees are immune from a suit for negligence in federal court under the Eleventh Amendment was recently addressed in *Hobbs v. Georgia Department of Transportation,* 785 F.Supp. 980 (N.D.Ga.1991). In *Hobbs,* the court found that DOT employees in such a negligence action are immune. *Id.* at 987.

■ The Eleventh Amendment applies to actions where the relief sought against a state employee is really relief sought against the state. *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 101, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984). In this case, plaintiff seems to argue that a suit against the "individual employees" of a state agency, sued for negligence while acting within the scope of their employment with the agency, is different from a suit against an employee of a state agency in his official capacity. However, the Eleventh Circuit, in *Gamble v. Florida Dept. of Health & Rehabilitative Services,* 779 F.2d 1509, 1513 (11th Cir.1986) stated:

> Whether a state officer is being sued for damages in an official or an individual capacity is not mere semantics; the question is whether the plaintiff is reasonably seeking relief from the state coffers or from the individual's assets.

In the case at bar, plaintiff is obviously seeking payment from the state of Georgia public insurance fund; *see* Plaintiff's Brief in Opposition to Defendants' Motion to Dismiss. Where "the damage award [is] obviously sought from the state treasury, the suit will be deemed to be one against the officer in an official capacity, and the Eleventh Amendment will therefore preclude such relief." *Gamble,* at 1513; *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *see also Price v. Department of Transp.,* 257 Ga. 535, 361 S.E.2d 146 (1987) (" 'where an officer or agent of the state is sued in his official capacity or where such officers are sued for acting in areas where they are vested with discretion and empowered to exercise judgment in matters before them ...' it is a suit against the state and sovereign immunity attaches.") (quoting *Hennessy v. Webb,* 245 Ga. 329, 264 S.E.2d 878 (1980)).

The only way that plaintiff can avoid the Eleventh Amendment bar is if the State of Georgia has waived its Eleventh Amendment immunity and consented to suit in federal court. *Gamble,* at 1512. The Supreme Court has held that such a waiver is only found where it is stated " 'by the most express language or by such overwhelming implications from the test as [will] leave no room for any other reasonable construction.' " *Edelman,* 415 U.S. at 673, 94 S.Ct. at 1361 (quoting *Murray v. Wilson Distilling Co.,* 213 U.S. 151, 29 S.Ct. 458, 53 L.Ed. 742 (1909)).

The Georgia Constitution states that "the defense of sovereign immunity is waived as to those actions for the recovery of damages for any claim against the state or any of its departments and agencies for which liability insurance protection for such claims has been provided." Ga. Const. art. I, § 2, para. 9. Furthermore, the Georgia Supreme Court has held that the existence of the state Liability Trust Fund which provides coverage for the negligence of state employees shows that the state has waived its sovereign immunity in actions claiming negligence against DOT employees. *Price v. Department of Transp.,* 257 Ga. 535, 361 S.E.2d 146 (1987).

However, the Georgia Constitution also states that "[n]o waiver of *sovereign immunity* shall be construed as a waiver of any immunity provided to the state or its departments and agencies by the United States Constitution." Ga. Const. art I, § 2, para. 9 (emphasis added). The *Price* case holds only that the state has waived its *sovereign immunity* and not its *Eleventh Amendment* immunity.

The court agrees with the Northern District of Georgia's decision in *Hobbs v. Georgia Department of Transportation,* 785 F.Supp. 980 (N.D.Ga.1991) and finds that the defendant DOT employees are immune from this suit under the Eleventh Amendment. Accordingly, the court GRANTS the motion to dismiss of defendants Senkbeil, James, Poole, Hartley, Bullard, Anderson, and King.

SO ORDERED.