A93A0982. DEPARTMENT OF TRANSPORTATION
et al. v. SMITH.
(437 SE2d 811)

POPE, Chief Judge.

We granted the application for interlocutory appeal filed by the Georgia Department of Transportation and certain employees of the DOT named as individual defendants; namely Don Watson, Edwin Thompson, Jamie Golden and Hugue Fergusen, from the trial court's denial of their renewed motion for summary judgment and motion to transfer this case to the Superior Court of Columbia County.

This action arises out of a single car accident by plaintiff Glinda Smith which occurred on Roy Owens Road in Columbia County on February 9, 1990. Plaintiff filed suit against the DOT and several individual defendants claiming the defendants' failure to design the road properly and to maintain the shoulder of that road in a reasonably safe condition caused her accident and injuries arising therefrom.

1. With regard to plaintiff's claims for failure to maintain the roadway in question, the defendants argue that the trial court erred in denying their motion for summary judgment because the portion of former State Route 47 in question had been transferred from the state highway system to Columbia County on October 14, 1987 and neither the DOT nor any of its employees had a duty to maintain the road. Public roads in Georgia are classified as part of the state highway system, the county road system or the municipal street system. OCGA § 32-4-1. With certain exceptions not present in this case the DOT is prohibited from maintaining a road that is not part of the

state highway system. OCGA § 32-2-61 (e); *Jackson v. Dept. of Transp.*, 201 Ga. App. 863, 864 (412 SE2d 847) (1991). The record reflects that the DOT removed the road in question from the state highway system. OCGA § 32-4-21 states that either the Board of Transportation or the Commissioner of the Department of Transportation, when the board is not in session, may designate roads as a part of the state highway system. That statute further requires that any change in the system must be recorded on the official map and in the records of the highway system as provided for in OCGA § 32-4-2 (a) and (b). By order dated October 14, 1987, the Commissioner ordered that the road be removed from the state highway system and that another road be redesignated as State Route 47.[1] The defendants presented the affidavit testimony of the Chief of Cartography for the DOT who averred that on October 14, 1987, Roy Owens Road was removed from the official map for the state highway system and placed on the official map for the county road system. Defendants also submitted evidence that Columbia County effectively designated Roy Owens Road as part of the county road system by adopting a resolution accepting it as required by OCGA § 32-4-40. Furthermore, defendants submitted the affidavit testimony of the road superintendent for Columbia County who averred that since October 14, 1987, Columbia County has been responsible for maintaining Roy Owens Road. We hold the DOT presented sufficient evidence to meet its burden of establishing there is no factual dispute with regard to the road's status as part of the county road system on the date of plaintiff's accident.

Plaintiff did not meet her burden of pointing to specific evidence giving rise to a triable issue of fact concerning the status of the road. We find no merit in plaintiff's argument that the DOT must also transfer a deed to Columbia County for the subject road before the road is removed from the state highway system. If our legislature had deemed a deed necessary to make a transfer from the state highway system to the county road system it would have so provided. Compare OCGA § 32-3-3 (d) (requiring a warranty deed or quitclaim deed when a state agency, county, or municipality acquires rights in real property through dedication) and OCGA § 32-3-3 (b) (providing for exchanges of property for public road purposes without requiring a transfer of deeds).

2. Plaintiff argues that even if the DOT transferred Roy Owens Road from the state highway system to the county road system, the defendants are still not absolved from negligence. In analyzing this issue we consider separately plaintiff's claims for negligent mainte-

---

[1] Such an exchange is authorized by OCGA § 32-3-3.

nance and design. With regard to plaintiff's claim for negligent maintenance, plaintiff argues that because the DOT maintained the road until October 1987 and the condition of the road at the time it stopped maintaining it was basically the same as on the date of plaintiff's accident, defendants are liable to plaintiff. We do not agree. As we discussed in Division 1, the road in this case was a part of the county road system and had been for more than two years at the time of plaintiff's accident. Whereas the DOT has a duty to maintain any highway that is a part of the state highway system, after it transfers a highway from that system it is *prohibited* from maintaining it. OCGA § 32-2-61 (e); *Jackson v. Dept. of Transp.*, 201 Ga. App. at 864. We hold that in this case the DOT owed no duty to plaintiff to maintain the subject roadway because the DOT had been statutorily prohibited for more than two years from maintaining the roadway at the time of plaintiff's accident and the evidence shows that the alleged defective condition was open and obvious; therefore, Columbia County, which accepted the road for maintenance, either knew or should have known of the condition.[2]

Plaintiff's reliance on our Supreme Court's decision in *Dept. of Transp. v. Land*, 257 Ga. 657 (362 SE2d 372) (1987) as support for its argument that the defendants should be held liable to plaintiff for negligent maintenance in this case is misplaced. In *Land*, the plaintiff sued the DOT and Whitfield County, claiming that his injuries and his wife's wrongful death in an automobile collision at the intersection of two Georgia highways were caused by the improper design specifications and maintenance of the intersection traffic signal. Our Supreme Court held that if the allegation contained in plaintiff's complaint were found to be true and the DOT and county were jointly involved in the installation, maintenance and control of the traffic light in question, the DOT and the county would be joint tortfeasors and jointly and severally liable. Id. at 657-658. Thus, in *Land* the DOT had a statutory duty to maintain the two state highways, the intersection of which allegedly was controlled by a defective traffic signal; in this case, however, the DOT was statutorily prohibited from maintaining the roadway for more than two years.

Plaintiff's reliance on our decision in *Bush v. City of Gainesville*, 105 Ga. App. 381 (124 SE2d 667) (1962) is also misplaced. In *Bush*, this court held that because specific statutory language included city

---

[2] While there may be other cases in which the time interval between transfer of responsibility for maintenance will not be determinative in deciding the causation question, we leave that question for another day. Cf. *Hargis v. City of Dearborn Heights*, 192 NW2d 44 (Mich. App. 1971) (holding two-year interval between transfer of jurisdiction for subject bridge from the county to the city was one of the factors that could be considered by the jury when deciding whether county's failure to erect a fence was the cause of plaintiff's accident).

streets in the state highway system but still required the municipalities to maintain those streets, the City of Gainesville had a duty to maintain a city street after it was opened for traffic even though that street was part of the state highway system and the state was doing certain construction work on that street at the time of plaintiff's accident. Thus in that case the city had a statutory obligation to maintain the street in question.

Our holding concerning the DOT's liability stemming from negligent maintenance is supported by the Michigan Supreme Court's decision in *Killeen v. Dept. of Transp.*, 438 NW2d 233 (Mich. 1989), a case which both parties argue offers persuasive authority in this case. In *Killeen*, two cases were consolidated on appeal in which suit was brought against the Michigan DOT, alleging design, construction and maintenance defects on two roads which were redesigned and reconstructed by the DOT and then returned to the county road commissions before the accidents giving rise to the lawsuits occurred. The Michigan Supreme Court held "that the highway department is subject to liability for injury sustained by reason of failures in *design or construction* while the highway department had jurisdiction, although injury is not sustained as a result of such failure until after retransfer of jurisdiction to the county road commission, and that *the county road commission is responsible for any failure*, after jurisdiction is returned to it, to keep and *maintain in repair* the redesigned and reconstructed highway." (Emphasis supplied.) Id. at 238-239.

3. The defendants do not contend that they are absolved from claims for negligent design or construction because the DOT transferred the road in question to the county. However, they contend that plaintiff's claims for negligent design and construction must fail because the record is devoid of evidence that the individuals named as defendants had a role in the design or resurfacing of Roy Owens Road. As our Supreme Court noted in *Price v. Dept. of Transp.*, 257 Ga. 535 (361 SE2d 146) (1987), the DOT as a state agency is entitled to sovereign immunity pursuant to Art. I, Sec. II, Par. IX of the 1983 Georgia Constitution. Id. at 536. However, that immunity is waived to the extent that there is insurance.[3] Id. The plaintiff alleges in her complaint, and the DOT apparently concedes, that the DOT has waived immunity in this case by purchasing an insurance policy in which its employees are named insureds.[4] Therefore, to the extent

---

[3] Effective January 1, 1991, Art. I, Sec. II, Par IX of the Georgia Constitution was amended to extend sovereign immunity to all state departments and agencies regardless of insurance. This case was filed on July 24, 1990, however, and the waiver of sovereign immunity that existed under the former constitutional provision was in effect at that time and applies to this case. *Donaldson v. Dept. of Transp.*, 262 Ga. 49 (3) (414 SE2d 638) (1992).

[4] The DOT filed the affidavit of its risk manager stating that the DOT does not have a policy of liability insurance in which the *DOT* is a named insured.

any employee of the DOT can be held liable to plaintiff for negligent design or construction, the DOT's sovereign immunity is waived. *Price v. Dept. of Transp.*, 257 Ga. at 537.

" 'A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. OCGA § 9-11-56 (e).' *Lau's Corp. v. Haskins*, 261 Ga. 491[, 495 (4)] (405 SE2d 474) (1991)." *Ekokotu v. Pizza Hut*, 205 Ga. App. 534, 538 (422 SE2d 903) (1992). In support of their motion for summary judgment on plaintiff's claims for negligent design and construction, defendants Don Watson, Edwin Thompson, Jamie Golden and Hugue Fergusen submitted their affidavit testimony in which they all aver that they did not design or participate in the construction of the road at the time it was built, which was in the 1920s. Plaintiff presented no evidence that any individual defendant participated in the original design and construction of the subject road. Thus, any claims concerning the original design and construction of the road must fail.

With regard to repaving projects, Defendant Hugue Fergusen further avers in his affidavit that he never participated in the design or construction of any project to resurface the road. Defendants Watson, Thompson and Golden stated in their affidavits that the last repaving project was in 1977 and they did not participate in the design or construction of that repaving project. Clearly Fergusen's affidavit testimony is sufficient to deny participation in the construction and design of a repaving project that occurred in 1977 or thereafter. Any other claims plaintiff asserts against defendant Fergusen relate to maintenance responsibilities and as we held in Division 1 the defendants are not liable to plaintiff for failing to properly maintain the subject road under the facts of this case. Accordingly, the trial court erred in denying the defendants' motion for summary judgment to the extent that it concerned defendant Fergusen.

With regard to the other defendants, their affidavits are sufficient to show an absence of evidence they participated in the repaving project which occurred in 1977. In order to create a triable issue of fact, plaintiff, through the deposition testimony of either residents of Roy Owens Road or people who traveled frequently on the road during the 1980s, presented evidence that the road was repaved in the 1980s. Plaintiff also points to the job descriptions of these individual defendants and contends that their job responsibilities made them responsible for designing and constructing the road in question during the

late 1970s and early 1980s. We do not agree. When those job descriptions are examined carefully, the descriptions make it clear that these individual defendants had only *maintenance* responsibilities for the road in question. Thus, even if the road was repaved after 1977 there is an absence of evidence that these individual defendants were responsible for the design and construction of the road during any repaving occurring during the late 1970s and early 1980s. Accordingly, the trial court erred in denying the motion for summary judgment as it concerns claims for negligent design and construction of resurfacing projects on Roy Owens Road with regard to defendants Thompson, Golden and Watson as well.

4. We reject the defendants' argument that any action for negligent design and construction is barred by OCGA § 9-3-51, requiring suits to be brought within eight years from the date of an improvement to real property. Defendants contend the last improvement to Roy Owens Road occurred in 1977, the date of the last resurfacing. As we noted in Division 3, there remains an issue of material fact concerning whether that road was repaved in the 1980s. Plaintiff presented evidence that the road was repaved as late as 1988, and plaintiff's complaint in this case was filed on July 24, 1990.

5. We also reject the DOT's argument that the trial court erred in refusing to grant its motion to change venue. As the DOT correctly contends, OCGA § 32-2-5 states venue is proper in cases against the DOT in the county in which the cause of action arose, which in this case would be Columbia County. Improper venue can be waived by a party. See *Williams v. Willis*, 204 Ga. App. 328, 329 (419 SE2d 139) (1992). This case was initially filed in Fulton County. Although the DOT raised improper venue as a defense in its initial responsive pleading, it claimed proper venue was in Gwinnett County. Later, pursuant to a consent order submitted by all parties, venue was changed to Richmond County. By consenting to the change of venue to Richmond County, the defendants have waived their right to have this case heard where the cause of action arose.

*Judgment affirmed in part and reversed in part. Birdsong, P. J., and Andrews, J., concur.*

DECIDED OCTOBER 13, 1993 —
RECONSIDERATION DENIED NOVEMBER 3, 1993

*Michael J. Bowers, Attorney General, George P. Shingler, Senior Assistant Attorney General, Eric A. Brewton, Susan J. Levy, Assistant Attorneys General,* for appellants.

*Stanley G. Jackson*, for appellee.