S91G1002. LITTERILLA v. HOSPITAL AUTHORITY OF FULTON COUNTY et al.
S91G1050. HYDE et al. v. HOSPITAL AUTHORITY OF FULTON COUNTY.
(413 SE2d 718)

CLARKE, Chief Justice.

This appeal involves two separate actions for negligence against the Hospital Authority of Fulton County, known as Northside Hospital. In both cases the hospital moved for summary judgment on the

grounds of sovereign immunity. The trial courts denied the hospital's motions. The Court of Appeals granted the hospital's applications for interlocutory appeal, consolidated the two cases, and reversed. *Hospital Auth. of Fulton County v. Litterilla*, 199 Ga. App. 345 (404 SE2d 796) (1991). We granted certiorari, asking:

> Does the existence of the liability trust fund which protects the Hospital Authority of Fulton County result in a waiver of the authority's sovereign immunity, assuming that hospital authorities are entitled to such immunity?

Our question on certiorari assumes that the hospital authority is protected by sovereign immunity unless the existence of its liability trust fund constitutes a waiver.[1] We limit our review here to that issue.

The Georgia Constitution, which provides the source of sovereign immunity for both the state and counties, *Toombs County v. O'Neal*, 254 Ga. 390 (330 SE2d 95) (1985), says,

> . . . the defense of sovereign immunity is waived as to those actions for the recovery of damages for any claim against the state or any of its departments and agencies for which liability insurance protection has been provided but only to the extent of any liability insurance provided.

Article I, Sec. II, Par. IX of the 1983 Georgia Constitution. The Hospital in this case admits that it has purchased an Umbrella Liability Policy which provides liability insurance in certain limits above a $2,000,000 "self-insurance plan" or "liability trust fund." It argues, however, that under the reasoning of *Logue v. Wright*, 260 Ga. 206 (392 SE2d 235) (1990), and *Ponder v. Fulton-DeKalb Hosp. Auth.*, 256 Ga. 833 (353 SE2d 515) (1987), its "liability trust fund" does not constitute a waiver of sovereign immunity. We disagree.

The clear language of the constitutional amendment permits governmental entities to waive sovereign immunity by providing insurance protection for their own potential liability. Nothing in the constitution or the statutes requires governmental entities to elect commercial insurance coverage rather than self-insurance or a combi-

---

[1] The Court of Appeals held, in part, (1) that the Hospital is a governmental entity that is entitled to sovereign immunity unless it is waived; (2) that under the rule of *Self v. City of Atlanta*, 259 Ga. 78 (377 SE2d 674) (1989) the "sue and be sued" language in the Hospital's enabling statute does not constitute a waiver of sovereign immunity; (3) that *Self* must be applied retroactively. *Hospital Auth.*, supra. Although there is arguable merit to the position that hospital authorities are not entitled to assert sovereign immunity, we do not presently address this issue. Instead, we limit our review to the specific question posed in the writ of certiorari.

nation of self-insurance and commercial insurance. *Logue,* supra, did not involve a governmental agency that had elected to self-insure against its own potential liability. Rather, it involved a self-insurance program which provided liability insurance **to cover governmental employees** for their acts of negligence committed in the scope of their official duties. Programs of insurance designed to protect employees against their own negligence are, in essence, additional employee benefits which the legislature may regulate by statute. In *Logue,* because a program of self-insurance to cover official immunity was not authorized, we concluded that the employee was not covered by insurance so that there was no waiver of immunity.

Neither of the statutes at issue in *Logue* is applicable here. In this case, the entity that attempts to assert sovereign immunity has, itself, purchased an Umbrella Liability Policy and provided self-insurance to cover its own potential liability. Under the language of the constitutional provision, that insurance serves as a waiver of sovereign immunity. Further, the fact that the hospital authority has elected to self-insure up to a $2,000,000 limit does not frustrate the waiver. The record in this case demonstrates that the liability trust fund was established in 1978 after an extensive study of the "alternatives available to provide economical and dependable protection to the Hospital against malpractice and comprehensive general patient liability claims." It is apparent that the Hospital decided that a self-insurance trust was more economical than commercial liability insurance for claims under the $2,000,000 amount. Further, the record reflects that the money to fund the trust has been set aside and invested in the same manner that commercial insurance companies invest assets. The trust document directs the trustee to make such investments because the "fund assets are basically a substitute for commercial insurance."

In contrast to *Ponder,* supra, which dealt exclusively with the issue of waiver of charitable immunity, here we are construing a constitutional provision for the waiver of sovereign immunity. That provision waives immunity to the extent of *"any* liability insurance provided." Art. I, Sec. II, Par. IX of the 1983 Georgia Constitution. We decline to read into the constitution a requirement that the insurance program must include exclusively commercial insurance. To do so would inhibit any governmental entity that elects to waive its immunity from pursuing the most cost-effective means of covering its liability. We hold that the Umbrella Liability Policy together with the trust fund created by the Hospital in 1978 constitutes "liability insurance protection" within the meaning of the constitutional provision and therefore acts as a waiver of sovereign immunity.

*Judgment reversed. Clarke, C. J., Weltner, P. J., Bell, Benham, Fletcher, JJ., and Judge Daniel M. Coursey, Jr., concur; Hunt, J., concurs in the judgment only.*

DECIDED FEBRUARY 27, 1992 —
RECONSIDERATION DENIED MARCH 13, 1992.

*Davis, Gregory & Christy, Hardy Gregory, Jr., William Q. Bird,* for appellant (case no. S91G1002).

*England, Weaver & Kytle, J. Melvin England,* for appellants (case no. S91G1050).

*Powell, Goldstein, Frazer & Murphy, Adrienne E. Martin, Randall L. Hughes, John T. Marshall, James D. Meadows, C. Edward Young, Love & Willingham, Daryll Love, Sullivan, Hall, Booth & Smith, Rush S. Smith, Jr.,* for appellees.