A92A2051. BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA v. DANIELS et al.
(430 SE2d 45)

COOPER, Judge.

In this wrongful death action, we granted appellant's application for discretionary appeal to determine whether the trial court erred in denying appellant's motion to modify the judgment against it on sovereign immunity grounds following this court's decision in an earlier appeal that two of appellant's employees could not be liable as a matter of law. See *Walker v. Daniels,* 200 Ga. App. 150 (1) (407 SE2d 70) (1991).

Appellees' son drowned in a campus pool. On the evening of the drowning, appellant's employees had closed and locked the pool, cancelling the usual recreational swim period because they had not hired lifeguards for the new term. However, two students who had worked as lifeguards at the pool in the past convinced the campus police dispatcher to have a policeman unlock the pool. The pool was opened, with those two students serving as lifeguards, and the drowning occurred. Appellees sued appellant and various individuals. After a jury trial, judgment for $1,500,000 was entered against appellant, two of appellant's full-time employees and one of the student lifeguards. On appeal, we reversed the judgment as to the two full-time employees but affirmed as to appellant and the student lifeguard. Appellant then moved to limit the judgment on sovereign immunity grounds to $250,000, the coverage available under its self-insurance plan. Appellant argued that its excess insurance policy would have covered the liability of the full-time employees, but did not cover the liability of the student lifeguard. Appellant's motion was denied and this appeal followed.

The parties agree that appellant's waiver of immunity in this case

is governed by former Ga. Const. 1983, Art. I, Sec. II, Par. IX, which provided that the sovereign immunity of a State agency with respect to a tort claim was waived if and to the extent the claim was covered by insurance. See *Price v. Dept. of Transp.*, 257 Ga. 535 (361 SE2d 146) (1987). At the time this drowning occurred, appellant had two insurance policies in effect. The first was a self-insurance plan and covered the liability of insureds up to $250,000 per occurrence. The second was a comprehensive general liability insurance policy issued and administered by the Department of Administrative Services ("DOAS"), another State agency, which covered the liability of insureds up to $5,000,000 per occurrence. Both policies contained almost identical provisions which defined insureds to include "any person(s) allowed to assume a temporary or permanent position" within the university system. Appellant as self-insurer interpreted this provision to include the student lifeguard. However, DOAS informed appellant that, despite the fact that its policy contained a definition of "insured" almost identical to that in the self-insurance plan, the excess insurance policy did not cover the student lifeguard.

Appellant contends that, because the excess insurer stated that it was denying coverage, appellant's immunity was not waived and the trial court was without jurisdiction to enter a judgment in excess of $250,000, regardless of the strength or validity of appellees' argument that the insurer's stated denial of coverage is wrong. Where the plain terms of the policy provide that there is no coverage for a claim, or where the insurer has established in a declaratory judgment action that it is not obligated to pay a claim, there is no waiver of sovereign immunity. See *Ward v. Bulloch County*, 258 Ga. 92 (365 SE2d 440) (1988); *Dugger v. Sprouse*, 257 Ga. 778 (364 SE2d 275) (1988). However, we cannot accept appellant's position that waivers of sovereign immunity can be abrogated and courts can be deprived of jurisdiction by a simple statement by an insurer that it denies coverage. Where, as here, plaintiffs have made a prima facie showing of insurance coverage and there has been no finding or ruling to the contrary, the court has jurisdiction under former Ga. Const. 1983, Art. I, Sec. II, Par. IX unless and until a lack of coverage is established. Accordingly, the trial court did not err in denying appellant's motion.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED MARCH 3, 1993 —
RECONSIDERATION DENIED MARCH 29, 1993

*Michael J. Bowers, Attorney General, Dennis R. Dunn, Alfred L. Evans, Jr., Senior Assistant Attorneys General,* for appellant.

*William J. Murray*, for appellees.