A93A2582. DAVIS et al. v. STATE OF GEORGIA et al.
(439 SE2d 40)

BLACKBURN, Judge.

On June 17, 1992, the appellants, Cullen B. Davis, individually and as administrator of the estate of Richard Davis and Betty Davis, filed the instant action for damages against the appellee, State of Georgia, Department of Human Resources, Georgia Regional Hospital at Augusta (hereinafter collectively referred to as DHR), Coastal Emergency Services of Augusta, Inc., and University Health Services, Inc., for the wrongful death of their 30-year-old son. Although the Davises alleged in their complaint that employees of DHR failed to exercise the requisite degree of care and skill in their treatment of the decedent on June 21, 1990, and June 22, 1990, the Davises did not specifically name any employees of DHR as party defendants in the action.

DHR responded to the complaint, asserting several defenses, including sovereign immunity. Following the commencement of discovery, the department moved for summary judgment based upon its immunity from suit, and the motion was granted by the trial court. This appeal followed. In their sole enumeration of error, the Davises challenge the trial court's grant of summary judgment in favor of DHR.

"Article I, Sec. II, Par. IX of the Constitution of Georgia of 1983 (prior to 1991 amendment) provides: 'Sovereign immunity extends to the state and all of its departments and agencies. . . . [T]he defense of sovereign immunity is waived as to those actions for the recovery of damages for any claim against the state or any of its departments and agencies for which liability insurance protection for such claims has been provided *but only to the extent of any liability insurance provided.*'" (Emphasis supplied.) *Hiers v. City of Barwick*, 262 Ga. 129, 130 (2) (414 SE2d 647) (1992). See *Litterilla v. Hosp. Auth. of Fulton County*, 262 Ga. 34, 35 (413 SE2d 718) (1992); *Martin v. Ga. Dept. of Public Safety*, 257 Ga. 300, 301 (357 SE2d 569) (1987). This constitutional provision was amended in 1991 to extend sovereign immunity to all state departments and agencies notwithstanding their purchase of liability insurance. *Donaldson v. Dept. of Transp.*, 262 Ga. 49 (414 SE2d 638) (1992).

A waiver of sovereign immunity by a state department or agency occurs at the time that the cause of action arises. Id. "[S]overeign immunity [is] waived to the extent of available insurance coverage as to any cause of action that accrued before the effective date of the constitutional amendment . . . and remains effective regardless of whether the action was filed before or after the effective date of the amendment." *Curtis v. Bd. of Regents &c. of Ga.*, 262 Ga. 226, 228 (416 SE2d 510) (1992). Although the instant action was filed after the effective date of the constitutional amendment, it is uncontroverted that the cause of action arose before January 1, 1991, the effective date of the amendment. Consequently, the 1991 amendment is not applicable, and the department's immunity from suit is subject to waiver to the extent of any available insurance covering the claim. Id.; *Adams v. Coweta County*, 208 Ga. App. 334 (1) (430 SE2d 599) (1993); *Rogers v. Sharpe*, 206 Ga. App. 353 (1) (425 SE2d 391) (1992); *Dozier v. Clayton County Hosp. Auth.*, 206 Ga. App. 62 (2) (424 SE2d 632) (1992). Cf. *Datz v. Brinson*, 208 Ga. App. 455 (1) (430 SE2d 823) (1993); *Collier v. Whitworth*, 205 Ga. App. 758 (423 SE2d 440) (1992).

It is undisputed that the department did not have a policy of insurance in effect at the time that this cause of action arose covering the department or Georgia Regional Hospital at Augusta for any negligent acts or omissions. However, the record on review does show DHR participated in a Liability Trust Fund which provided comprehensive liability insurance protection for personal injury, bodily injury, sickness, disease or death caused by or as a result of an error, omission, or negligence of an insured in the performance of the insured's duties of employment with the agency.[1] The specific policy in question entitled "Broad Form State Employee Liability Agreement" was issued by the Department of Administrative Services pursuant to OCGA § 45-9-1 et seq.[2] and is substantially similar, in pertinent part, to the insurance coverage considered by our Supreme Court in its recent decision of *Ga. Dept. of Human Resources v. Poss*, 263 Ga. 347 (434 SE2d 488) (1993), which is controlling under the facts presented herein. In affirming the trial court's grant of summary judgment in favor of DHR, the Supreme Court in *Poss* found that the department could not be held vicariously liable and invoke the coverage of its pol-

---

[1] The Constitution does not require governmental entities to elect commercial insurance coverage rather than self-insurance, and a governmental entity can waive immunity by participation in a self-insurance program. *Litterilla*, supra. See also *Martin*, supra; *Dozier*, supra.

[2] Under OCGA § 45-9-1, an agency is authorized to purchase liability insurance or participate in a self-insurance program to indemnify officers, officials, or employees to the extent that they are not immune from liability for damages arising out of their performance of their duties with the agency.

icy of insurance where the allegedly negligent employees were not added as party defendants within the time period provided in the applicable statutes of limitation.

Under the terms of the policy in the case at bar, "[i]nsureds" are defined as "(1) Employees of the State of Georgia employed by participating Departments or Agencies. (2) All employees of participating Authorities and Instrumentalities of the State of Georgia. . . . (7) Any participating entity as authorized by OCGA § 45-9-1 now enacted or hereafter enacted." While liability insurance is specifically provided to the individuals employed within the agency pursuant to this agreement, the department's liability protection is limited to the extent that it becomes vicariously liable on behalf of the negligent actions, errors, or omissions of its personnel. Id. Contrary to the Davises' contentions, notwithstanding the language contained in subsection 7, OCGA § 45-9-1 only authorizes the purchase of liability insurance or formulation of plans of self-insurance to insure public officers or employees of the agency, board, bureau, commission, department, or authority of the state to the extent that they are not immune from liability. *Logue v. Wright*, 260 Ga. 206 (2) (392 SE2d 235) (1990). The statute does not authorize the purchase of insurance by an agency specifically for the agency as the entity enjoys immunity from suit unless the immunity has been waived.

In their complaint, the Davises alleged that employees of DHR's Georgia Regional Hospital at Augusta "failed to exercise that degree of care and skill which is ordinarily employed by the medical profession in the diagnosis and treatment of patients under similar circumstances," which ultimately resulted in the death of the decedent on June 22, 1990. However, the Davises failed to identify, name as party defendants, and serve the allegedly negligent employees within the time period provided in the applicable statute of limitation. See OCGA § 9-3-71. Consequently, the allegedly negligent employees of DHR cannot be held liable now for the decedent's suffering and untimely demise as a matter of law. *Poss*, supra. As the Supreme Court stated in *Ward v. Bulloch County*, 258 Ga. 92, 93 (365 SE2d 440) (1988), "the mere purchase of liability insurance does not automatically waive sovereign immunity. Rather, sovereign immunity is waived only when the insurer of a state entity [can] satisf[y] a claim under the coverage provided." Under the facts of this case, insurance protection cannot be provided in the absence of the liability of an employee of DHR. *Poss*, supra; *Martin*, supra. Cf. *Newsome v. Dept. of Human Resources*, 199 Ga. App. 419 (405 SE2d 61) (1991) (where the department and the allegedly negligent employees of the department were named as party defendants).

Accordingly, we must conclude that DHR was entitled to summary judgment as a matter of law in the absence of a waiver of its

immunity from suit. *Poss*, supra.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED NOVEMBER 22, 1993 —
RECONSIDERATION DENIED DECEMBER 6, 1993 —

*Stephen E. Curry*, for appellants.

*Michael J. Bowers*, Attorney General, *Teresa E. Lazzaroni*, Staff Attorney, *Knox & Zacks, Ted H. Clarkson, Alston & Bird, Theodore E. G. Pound*, for appellees.