A94A0103. DONALDSON et al. v. DEPARTMENT OF TRANSPORTATION et al.
(441 SE2d 473)

BLACKBURN, Judge.

On February 22, 1987, the appellant, Billy Donaldson, Jr., was injured in a motor vehicle collision at an intersection maintained by the Department of Transportation (DOT). The trial court originally dismissed this personal injury action filed against the DOT and a DOT employee, on the grounds that under the 1991 amendment to Art. I, Sec. II, Par. IX of the Georgia Constitution, sovereign immu-

nity had not been waived despite the DOT's purchase of liability insurance. On appeal, the Supreme Court reversed, holding that the 1991 amendment was inapplicable to causes of action that accrued prior to the effective date of that amendment. *Donaldson v. Dept. of Transp.*, 262 Ga. 49 (3) (414 SE2d 638) (1992).

The matter proceeded to trial and resulted in a jury verdict *against the DOT only*, in the amount of $230,000 (which was subsequently reduced by $80,000 due to a settlement between the plaintiffs and the drivers of the vehicles involved in the collision). However, the trial court set aside the verdict and entered judgment in favor of the DOT, on the grounds that the DOT's sovereign immunity remained intact. This appeal followed.

Prior to the 1991 constitutional amendment, sovereign immunity was waived to the extent a state department or agency provided liability insurance. *Price v. Dept. of Transp.*, 257 Ga. 535 (361 SE2d 146) (1987). In the instant case, the DOT maintained a liability insurance policy covering the acts of its employees.

In *Ga. Dept. of Human Resources v. Poss*, 263 Ga. 347 (434 SE2d 488) (1993), the Supreme Court reviewed insurance coverage identical, in pertinent part, to that provided by the DOT, and concluded that "the insurance policy covers the individuals who comprise the department, and the department, not itself an 'insured,' is provided coverage to the extent it is vicariously liable for the actions of its personnel . . . Inasmuch as the department is insured only for its vicarious liability for the negligence of its personnel, *that coverage cannot be invoked without a determination that department personnel were liable.*" (Emphasis supplied.) Id. at 348-349.

In this case, it is apparent that the jury found the DOT at fault in maintaining the intersection where the collision occurred, else it would not have rendered its verdict against the department. However, notwithstanding that finding of fault, under *Poss* and the authorities cited therein, the DOT could be held liable in tort *only* if the co-defendant DOT employee was determined to be liable. We are constrained to follow *Poss*, and find that the jury's verdict *not holding* the employee liable was fatal to any vicarious claim against the DOT. Accordingly, the trial court properly entered judgment for the DOT on that basis.

The plaintiffs contend that the insurance policy in question could reasonably be read to include the DOT as a named insured, relying upon a policy provision that defines an insured as "[a]ny participating entity as authorized by OCGA § 45-9-1 now enacted or hereafter enacted." However, this court has already decided that issue adversely to the plaintiffs, in holding that OCGA § 45-9-1 only authorizes the purchase of liability insurance covering agency officers, officials, and employees, and not for the agency itself. *Davis v. State of*

*Ga.*, 211 Ga. App. 285, 287 (439 SE2d 40) (1993).

The plaintiffs also suggest that the jury's verdict against the DOT could be sustained under a theory of direct liability sounding in nuisance. However, actions for personal injury may not be maintained against governmental entities under such an eminent domain theory. *Wilmoth v. Henry County*, 251 Ga. 643 (309 SE2d 126) (1983).

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 15, 1994 —
RECONSIDERATION DENIED MARCH 1, 1994 —

*Rand & Ezor, Samuel S. Olens, Richard Kopelman, J. William Trunnell, Jr.*, for appellants.

*Michael J. Bowers, Attorney General, George P. Shingler, Senior Assistant Attorney General, Eric A. Brewton, Susan J. Levy, Assistant Attorneys General*, for appellees.