S93G1114. BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA v. DANIELS et al.
(446 SE2d 735)

HUNT, Chief Justice.

This case presents procedural questions regarding the resolution of a defense of sovereign immunity. We granted certiorari to the Court of Appeals in *Bd. of Regents v. Daniels,* 208 Ga. App. 195 (430 SE2d 45) (1993) to consider that court's decision in light of our recent opinion in *Ga. Dept. of Human Resources v. Poss,* 263 Ga. 347 (434 SE2d 488) (1993). We conclude the Court of Appeals erred in affirming the trial court's dismissal of the Board's claim of sovereign immunity, and remand for a determination of that issue.

The Daniels, plaintiffs in this wrongful death action, received a $1.5 million judgment against the various defendants, including the Board of Regents of the University System of Georgia, two full-time employees of the University System, and a Fort Valley State College student. Thereafter, the Court of Appeals reversed the judgment regarding the full-time employees, but affirmed against the Board and the Fort Valley State College student. *Walker v. Daniels,* 200 Ga. App. 150 (407 SE2d 70) (1991). The Board acknowledges waiver of sovereign immunity in the amount of $250,000, the coverage afforded under its policy of *self-insurance.* There is, however, certain *excess* coverage under a policy issued by the Department of Administrative Services (DOAS). This policy plainly covered the full-time university employees, but, by virtue of the holding in *Walker,* supra, they are no longer defendants. The Board asserts that the Fort Valley State College student is not an insured under the excess policy, and argues that the DOAS position to that effect controls. Without making a finding regarding the issue of coverage under the DOAS excess policy, the trial court dismissed the Board's motion to limit the judgment in this

case to $250,000.[1]

In *Poss*, we held that a waiver of sovereign immunity, i.e., the existence of coverage under an insurance policy, must be established by the party seeking to benefit from that waiver, and any implication to the contrary by the Court of Appeals is disapproved. Thus, the Daniels have the burden of establishing that the Board had waived sovereign immunity by obtaining liability insurance covering the Daniels' claim. Id. at 348 (1). Here, there is no concern regarding any *evidentiary* burden of establishing coverage. The DOAS policy, and all facts regarding the underlying claim, are in the record. The parties simply dispute whether there is coverage under the terms of the DOAS policy, a resolution of which dispute is determinative of the issue of the additional waiver of sovereign immunity by the excess policy. In this procedural posture, the trial court was required to construe the DOAS policy under the ordinary rules of construction. See generally *Hunnicutt v. Southern Farm &c. Ins. Co.*, 256 Ga. 611, 612 (4) (351 SE2d 638) (1987); *Travelers Ins. Co. v. Blakey*, 255 Ga. 699 (342 SE2d 308) (1986).

Accordingly, the Court of Appeals opinion in this case is reversed and remanded for remand to the trial court for proceedings consistent with this opinion.

*Judgment reversed and remanded with direction. All the Justices concur.*

DECIDED JUNE 6, 1994 —
RECONSIDERATION DENIED JULY 7, 1994.

*Michael J. Bowers, Attorney General, Alfred L. Evans, Dennis R. Dunn, Senior Assistant Attorneys General,* for appellant.
*William J. Murray,* for appellees.

---

[1] On motion for reconsideration, the Daniels insist the trial court, in denying the Board's motion, necessarily decided that coverage does exist. However, from our review of the trial court's order, it is unclear whether the court's refusal to limit the collectable judgment to $250,000 was based on the construction of the DOAS insurance contract or on other reasons.