ity Consultants.

A94A1665. MIMS et al. v. CLANTON.

(452 SE2d 169)

McMurray, Presiding Judge.

Cynthia Parker Clanton (plaintiff) sued Thorsten William Mims, Gwinnett County, Georgia (Mims' employer), the Gwinnett County Board of Commissioners, and five unnamed "superiors of Defendant Mims in the Gwinnett County Fire Department[,]" seeking to recover for personal injuries she received on March 20, 1990, when her Jeep collided with a Gwinnett County fire engine operated by Mims. Defendants answered and denied liability for the collision. After discovery, all defendants jointly moved for partial summary judgment on the ground that "defendants are constitutionally provided immunity from suit. . . ." They argued that governmental and sovereign immunity had been waived by Gwinnett County's purchase of insurance only to the extent of liability coverage, which would not include a $250,000 deductible amount. Defendants requested "that their Motion for Partial Summary Judgment be granted to the extent of the full amount of the $250,000.00 deductible and for any amount above $750,000.00[,]" the limit of liability coverage provided under the policy.

The following material facts are undisputed. In support of their motion, defendants introduced the affidavit of Nancy Schick, a claims manager with the Gwinnett County Department of Financial Services, Risk Management Division, who authenticated a copy of the defendant Gwinnett County, Georgia's, liability insurance policy and who deposed that "the attached policy is the only source of insurance coverage that was in effect to cover the incident in question." The policy provided "[$]750,000 . . . Per Occurrence: Automobile Liability" coverage subject to the following: "LIMITS OF LIABILITY . . . THE LIMITS OF LIABILITY PROVIDED UNDER THIS INSURANCE SHALL BE PER THE LIMITS SCHEDULED, BUT ONLY [IN] EXCESS OF: . . . $250,000. ULTIMATE NET LOSS EACH CLAIM, BUT NOT EXCEEDING . . . $250,000. ULTIMATE NET LOSS EACH OCCURRENCE." The term "Ultimate Net Loss" was defined as: "The sum of the amounts the Insured becomes obligated to pay, either through adjudication or compromise, . . . as a consequence of any occurrence covered hereunder[.]"

The trial court denied defendants' motion for partial summary judgment but certified its order for immediate review. Defendants' application for interlocutory review was granted and this appeal followed. *Held*:

Defendants contend the denial of their motion for partial summary judgment is erroneous because there is no waiver of immunity to the extent of an uninsured deductible amount. Plaintiff replies that this issue is controlled adversely to the defendants by the Georgia Supreme Court's decision in *Litterilla v. Hosp. Auth. of Fulton County*, 262 Ga. 34 (413 SE2d 718), because the defendant Gwinnett County has "effectively elected to self-insure for the first $250,000." The parties agree that the applicable law is the former constitutional provision for sovereign immunity in effect prior to amendment. Compare *Curtis v. Bd. of Regents of the Univ. System of Ga.*, 262 Ga. 226 (416 SE2d 510).

Former Art. I, Sec. II, Par. IX, of the Georgia Constitution of 1983, provided in pertinent part that "the defense of sovereign immunity [was] waived as to those actions for the recovery of damages for any claim against the state or any of its departments and agencies for which liability insurance protection for such claims has been provided but only to the extent of any liability insurance provided." Sovereign immunity, like "official immunity[,] is waived [only] to the extent to which [the policy affording] coverage will pay for the claims asserted. *DeKalb County School Dist. v. Bowden*, 177 Ga. App. 296, 300 (339 SE2d 356) (1985)[.]" *Martin v. Ga. Dept. of Public Safety*, 257 Ga. 300, 301 (2), 303 (357 SE2d 569). See also *Ga. Dept. of Human Resources v. Poss*, 263 Ga. 347, 348 (2) (434 SE2d 488). "[T]o the extent and if, for any reason, such payment is not required under the contract [of insurance], there is no [waiver]." *Martin v. Ga. Dept. of Public Safety*, 257 Ga. 300, 301 (2), 303, fn. 2, supra. In the case sub judice, the policy affording liability insurance coverage for personal injury claims does not begin to pay unless and until the amounts any insured defendants are obliged to pay exceed the floor of $250,000 ultimate net loss. Similarly, the policy provides a ceiling in the amount of "[$]750,000 . . . Per Occurrence." Accordingly, the limited and conditional coverage afforded under the terms of this policy provides only a partial waiver of immunity from liability. *Martin v. Ga. Dept. of Public Safety*, 257 Ga. 300, 301 (2), 303, fn. 2, supra. "[S]ince [sovereign or] governmental immunity is waived only to the extent of [defendant Gwinnett County, Georgia's] insurance coverage and there is no coverage [under this policy] for the first [$250,000] of liability [due to the deductible amount], there is no waiver of [sovereign or] governmental immunity as to that first [$250,000] per occurrence." *DeKalb County School Dist. v. Bowden*, 177 Ga. App. 296, 298, supra. Accord *McLemore v. City Council of Augusta*, 212 Ga. App. 862 (2c), 864 (443 SE2d 505). Consequently, the trial court erred insofar as it reasoned that under "the applicable and controlling law," sovereign or governmental immunity was waived as to a deductible amount, for which no liability insurance coverage is provided.

In the case sub judice, there is a partial waiver of immunity, to the extent of available insurance coverage for damages in excess of the $250,000 uninsured deductible amount. This uninsured deductible amount may or may not exceed the amount of a verdict against the defendants. There is no waiver of immunity for liability exceeding $1,000,000, i.e., the sum of the $250,000 uninsured deductible amount and the $750,000 available liability coverage per occurrence. The grant of partial summary judgment is an appropriate remedy to the extent that immunity is not waived by the purchase of limited and conditional insurance coverage.[1] Accordingly, "we [vacate the judgment of] the trial court as to its denial of summary judgment to [defendants . . . and hold that any available] immunity was waived [by the purchase of liability insurance] only to the extent of insurance coverage. We [remand and] direct the trial court to [exclude] any reference to the defense of [sovereign or] governmental immunity [before the jury . . .] and, should [plaintiff] prevail at trial, to enter judgment for [plaintiff] only for the amount of the coverage [under] the insurance policy, i.e., for the amount greater than the [uninsured deductible] limit and less than the policy's upper limit." *DeKalb County School Dist. v. Bowden*, 177 Ga. App. 296, 300, supra.

Nevertheless, plaintiff contends that defendant Gwinnett County, Georgia, is self-insured as to that first $250,000 such that immunity is completely waived as to that initial amount, relying on *Litterilla v. Hosp. Auth. of Fulton County*, 262 Ga. 34, supra. In *Litterilla*, the Georgia Supreme Court held that the defendant Hospital Authority's "elect[ion] to self-insure up to a $2,000,000 limit does not frustrate [an existing] waiver . . . [where it was] apparent that the Hospital decided that a self-insurance trust was more economical than commercial liability insurance for claims under the $2,000,000 amount [because] the record reflect[ed] that the money to fund the trust ha[d] been set aside and invested in the same manner that commercial insurance companies invest assets[, and t]he trust document direct[ed] the trustee to make such investments because the 'fund assets are basically a substitute for commercial insurance.' " 262 Ga. 34, 36.

"[A] waiver of sovereign immunity, [owing to] the existence of coverage under an insurance policy [or a conscious decision to self-insure], must be established by the party seeking to benefit from that waiver. . . ." *Bd. of Regents of the Univ. System of Ga. v. Daniels*, 264 Ga. 328, 329 (446 SE2d 735). In the case sub judice, the trial court denied plaintiff's motion to compel discovery on "whether

---

[1] Similarly, the partial defense of limited sovereign or governmental immunity can be vindicated by molding any judgment to accommodate the insurance floor and ceiling under the policy.

Gwinnett County maintains a self-insurance plan, or other fund from which claims are paid, to cover the first $250,000 of its exposure." Consequently, there is no direct evidence whether the defendant Gwinnett County, Georgia, has funded a liability trust or other spending account in lieu of commercial insurance for claims in amounts of $250,000 or less. The record does contain the unrefuted affidavit of Nancy Schick that this insurance policy is the only source of insurance coverage for the collision at issue. However, this affidavit does not contain her specific negative averment that no such funded liability trust, spending account, or self-insurance set-aside exists or is maintained for the County. Compare *Bd. of Regents of the Univ. System of Ga. v. Daniels*, 264 Ga. 328, supra, where the defendant Board of Regents "acknowledge[d] waiver of sovereign immunity in the amount of $250,000, the coverage afforded under its policy of self-insurance." (Emphasis omitted.) As this case must be remanded for further proceedings, we further direct the trial court to reconsider plaintiff's motion to compel discovery, on the factual issue of whether defendant Gwinnett County, Georgia, has set aside funds to pay claims not covered by its liability insurance policy.

*Judgment vacated and remanded with direction. Pope, C. J., and Smith, J., concur specially.*

POPE, Chief Judge, concurring specially.

I agree with the majority but write separately to clarify its holding: If a governmental entity waives immunity by purchasing insurance but the insurance policy has a deductible, the amount of the deductible is excluded from the waiver *unless* the government has set aside funds for the purpose of paying claims up to the amount of the deductible. See *McLemore v. City Council of Augusta*, 212 Ga. App. 862 (2c) (443 SE2d 505) (1994).

In this case, it is not clear whether the County set aside funds to pay claims up to $250,000, as the County refused to provide information regarding such a set-aside in discovery. Plaintiff filed a motion to compel which was denied at the same time as defendants' motion for partial summary judgment, presumably because the information was not necessary given the trial court's ruling that the County's waiver of immunity included the deductible regardless of whether there was a set-aside of funds. Since we conclude the trial court's ruling was wrong and the set-aside of funds is determinative, we are remanding to allow the trial court to reconsider its ruling on the motion to compel. If further discovery reveals the existence of a set-aside of funds, the motion for partial summary judgment with respect to the deductible was properly denied; if it does not, partial summary judgment with respect to the deductible should be granted.

I am authorized to state that Judge Smith joins in this special

concurrence.

DECIDED DECEMBER 1, 1994 —
RECONSIDERATION DENIED DECEMBER 16, 1994 — 

*Chandler & Britt, Walter M. Britt, Gregory D. Jay,* for appellants.

*Van Gerpen, Hoffman & Harris, Frank P. Harris, Terry L. Strawser,* for appellee.