A96A0523. MORGAN v. BARNES.
(472 SE2d 480)

Judge Harold R. Banke.

In this personal injury action, David Morgan sued William David Causey, Deputy Wilbur A. Barnes, individually and in his official capacity, Sheriff Robert N. Reece in his official capacity, and Jones County.[1] The trial court granted summary judgment to Barnes individually on official immunity grounds, and this appeal ensued.

To prevail on summary judgment, the moving party must show

---

[1] Paula Morgan and her daughters, Chicarro and Chiquita Morgan, initially joined in this action, but subsequently were granted a voluntary dismissal without prejudice.

that no genuine issues of material fact remain to be tried and that the undisputed facts, viewed in the light most favorable to the non-movant, warrant summary judgment as a matter of law. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Viewed in that light, the record shows that this case arose after Deputy Barnes received a dispatch instructing him to stop a suspicious red car entering Jones County which had eluded two Bibb County officers. Barnes observed the car, which Causey was driving, saw it run a stop sign, and followed. Barnes radioed in the tag and learned that the license was listed to a car lot, leading him to believe there was a high probability the car was stolen. Barnes then activated his siren and lights and gave chase. Pursuing the red car, Barnes crested a hill and observed it alongside Morgan's Hyundai on the two-lane road. Barnes braked and decided to run his car into a creek near the road to avoid a collision. However, Morgan pulled over to the side of the road, and Barnes lost control and collided with Morgan's car. *Held*:

Barnes individually was entitled to official immunity. The 1991 amendment to Art. I of the Georgia Constitution governs this action which was filed after January 1, 1991. *Gilbert v. Richardson*, 264 Ga. 744, 746 (1) (452 SE2d 476) (1994). The amendment states in pertinent part: "Except as specifically provided by the General Assembly in a State Tort Claims Act, all officers and employees of the state or its departments and agencies may be subject to suit and may be liable for injuries and damages caused by the negligent performance of, or negligent failure to perform, their ministerial functions and may be liable for injuries and damages if they act with actual malice or with actual intent to cause injury in the performance of their official functions. Except as provided in this subparagraph, officers and employees of the state or its departments and agencies shall not be subject to suit or liability, and no judgment shall be entered against them, for the performance or nonperformance of their official functions. The provisions of this subparagraph shall not be waived." Ga. Const. of 1983, Art. I, Sec. II, Par. IX (d). This language applies to officers and employees of counties as well as those of state departments and agencies. See *Gilbert*, 264 Ga. at 747 (2). Because there is no evidence that Barnes acted with malice or intent to injure and it is undisputed that Barnes was acting within the scope of his authority as a law enforcement officer when he pursued the red car, this case turns on whether Barnes was performing a ministerial or discretionary function at the time of the collision. See id. at 753 (6). We have held that an officer responding to an emergency when a collision with an uninvolved third party occurred was performing a discretionary act, while the conduct is ministerial if the officer was returning to routine patrol at the time of the collision. *McLemore v. City Council of Augusta*, 212 Ga. App. 862, 865 (4) (443 SE2d 505) (1994).

The record shows that Barnes decided to pursue the car after learning it had eluded two Bibb County officers and determining the car could have been stolen. Barnes testified that he had abandoned other chases he felt might endanger himself or others. His decision to pursue this car in the early morning hours when traffic was minimal, made in response to reports that it had eluded police and under a reasonable perception that it could be stolen, called for the exercise of personal deliberation and judgment and was therefore discretionary. See id.; see also *Logue v. Wright*, 260 Ga. 206, 207-208 (392 SE2d 235) (1990). Because nothing in the record raises a triable issue as to the discretionary character of Barnes' conduct, summary judgment was properly granted. Compare *McLemore*, 212 Ga. App. at 865 (4) (evidence raising issue of whether officer was returning to routine duty precluded summary judgment).

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED JUNE 5, 1996.

*Karen K. Daniels*, for appellant.

*Groover & Childs, Duke R. Groover, Frank H. Childs, Jr.*, for appellee.