### A96A2146. BLUMSACK et al. v. BARTOW COUNTY.
(477 SE2d 642)

ELDRIDGE, Judge.

Appellants appeal from the trial court's grant of summary judgment to Bartow County on March 6, 1996.

Mr. Blumsack ("the decedent") was severely injured, and subsequently died as a result of a collision which occurred on May 4, 1994, between the automobile he was driving and a pickup truck which was owned by appellee and being driven by Charles A. Chesser, an employee of Jim Ellington d/b/a Jim Ellington Transmission ("Jim Ellington"). At the time of the collision, appellee's truck was being test-driven, following a transmission repair at Jim Ellington. The decedent was exiting his employer's parking lot and attempting to make a left-hand turn onto Bells Ferry Road. A large commercial truck with an attached long flat-bed trailer was parked on the southbound shoulder of Bells Ferry Road near the exit/entrance of such parking lot. When the decedent exited the parking lot, Mr. Chesser, who was traveling southbound on such road, collided with the driver's side of the decedent's vehicle. The original bumper on the front of appellee's truck had been replaced with a "bumper/bracket"

that had been fabricated (manufactured) and attached to the subject pickup truck by an employee of appellee. Such "bumper/bracket" served as a mounting point for an electric winch and removable boom which were used for the purpose of maintaining the appellee's water and sewer department's sewage pump stations. At the time of the subject collision, appellee had a policy of insurance which listed the subject vehicle.

1. Appellants argue in their first enumeration of error that the "trial court erred in granting summary judgment as the appellee's policy of liability insurance, which covered appellee for its own negligence, under Georgia law waived sovereign immunity to the extent of the policy limits of the insurance coverage."

In general, counties have sovereign immunity under Art. I, Sec. II, Par. IX of the 1983 Georgia Constitution. Sovereign immunity can only be waived by an act of the General Assembly which specifically provides that sovereign immunity is waived and the extent of such waiver. Ga. Const. of 1983, Art. I, Sec. II, Par. IX (e). "The defense of sovereign immunity to tort liability cannot be waived by the mere purchase of insurance coverage. [Cit.]" *Woodard v. Laurens County*, 265 Ga. 404 (456 SE2d 581) (1995).[1]

Pursuant to OCGA § 33-24-51 (a), a county has the authority to "secure and provide insurance to cover liability for damages on account of bodily injury or death resulting from bodily injury . . . arising by reason of ownership, maintenance, operation, or use of any motor vehicle by . . . (the) county. . . ." Subsection (b) of this statute provides that if the county "provide[s] liability coverage for the negligence of any duly authorized officer, agent, servant, attorney, or employee in the performance of his official duties, its governmental immunity shall be waived to the extent of the amount of insurance so purchased." OCGA § 33-24-51 (a) gives counties the right to purchase insurance; OCGA § 33-24-51 (b) describes when insurance operates to waive sovereign immunity.

Subsection (a) is a very broad grant of power to buy insurance, and allows a county to purchase insurance for liability to any person for personal or property damage that arises out of the use, ownership, or maintenance of a vehicle, whether the vehicle is being used in a governmental capacity or not. However, subsection (b) creates a more limited circumstance where immunity is waived by the insurance. Immunity is waived under subsection (b) only to the extent a county purchases "insurance authorized by subsection (a) of this

---

[1] "In the exercise of its constitutional authority to waive the defense of sovereign immunity, the General Assembly has enacted the Georgia Tort Claims Act (GTCA). OCGA § 50-21-20 et seq. However, the waiver of sovereign immunity afforded by that statute does not extend to a county. OCGA § 50-21-22 (5)." *Woodard*, supra at 405.

Code section to provide liability coverage for the negligence of any duly authorized officer, agent, servant, attorney, or employee in the performance of his official duties." Even though a county may purchase insurance on county vehicles being used in non-governmental undertakings, subsection (b) does not waive immunity unless the negligent act was caused by the negligence of any duly authorized officer, agent, servant, attorney, or employee in the per-formance of his official duties. The procurement of insurance under this statute does not constitute a waiver of sovereign immunity with regard to damages caused by the county's negligence unless the neg-ligence of its officers, agents, servants, attorneys, or employees arises from the use of a motor vehicle. *Gilbert v. Richardson,* 264 Ga. 744 (452 SE2d 476) (1994); accord *Woodard,* supra.

At the time of the accident, appellee had purchased a policy of insurance which covered the subject vehicle. However, the policy excluded from coverage as an insured anyone "using a covered 'auto' while he or she is working in the business of selling, servicing, *repairing,* or parking 'autos' unless that business is yours." (Empha-sis supplied.) The facts are undisputed that appellee's truck had been taken to Jim Ellington for repair work. At the time of the accident, the truck was being test driven by an employee of Jim Ellington. Therefore, the driver of the vehicle would not be an insured under the terms and conditions of appellee's policy of insurance, and appel-lee would not have insurance coverage for this incident. Thus, since OCGA § 33-24-51 (b) waives sovereign immunity only to the extent that appellee has insurance, sovereign immunity has not been waived by appellee for any claim due to the negligence of the driver of the truck under the theories of vicarious liability, imputed liability from ownership, or respondeat superior. See *Martin v. Ga. Dept. of Pub. Safety,* 257 Ga. 300 (357 SE2d 569) (1987); *Mims v. Clanton,* 215 Ga. App. 665 (452 SE2d 169) (1994); *DeKalb County School Dist. v. Bowden,* 177 Ga. App. 296 (339 SE2d 356) (1985).

However, appellants allege that, even if appellee did not have insurance coverage that covered the county truck while it was in the exclusive possession of Jim Ellington, appellee did, in fact, have a lia-bility insurance policy that covered negligence relating to "owner-ship" and/or "maintenance" of the vehicle, and that appellee's act of replacing the original truck bumper with one that had been fabricated (manufactured) by an employee of appellee was a negli-gent act which, combined with the negligence of the other defendants in this action, resulted in the death of the deceased.[2]

---

[2] The negligence that appellants are trying to allege against the appellee is one of pas-sive negligence, as opposed to the alleged active negligence of Jim Ellington. Therefore, the negligence of Jim Ellington may be the supervening proximate cause.

When appellee delivered its truck to Jim Ellington for the purpose of repair, and surrendered the entire control of the vehicle to Jim Ellington, the relationship between appellee and Jim Ellington was not one of master and servant or principal and agent,. but was one of bailment. Appellee, because of mere ownership, would not be liable for negligence in the operation of the truck while it was in the hands of Jim Ellington without a showing that appellee was guilty of some other act of negligence which proximately contributed to the injuries of the decedent. Only "under special circumstances, such as knowledge [by appellee] that [it] is turning the car over to a reckless and incompetent driver, or that the automobile has some mechanical defect [can any action of appellee be found to be a concurrent proximate cause of the decedent's injuries]. Even in such cases, liability is predicated on a negligent act of the owner in turning the car over to another under such circumstances, not on respondeat superior." (Emphasis omitted.) *McKinney v. Burke*, 108 Ga. App. 501, 504 (133 SE2d 383) (1963). Appellants allege that the special circumstances that would allow appellee to be held liable under the facts of this case are appellee's alleged negligence in the fabrication (manufacture) of the "bumper/bracket," attaching the "bumper/bracket" to the subject vehicle causing a mechanical defect, failing to warn Jim Ellington of the specific danger posed to the motoring public by the dangerous instrumentality, and failing to place limits on the manner in which the vehicle, with the dangerous instrumentality attached, could be operated by Jim Ellington or its employees. However, the "bumper/ bracket" was obvious and open.

We find appellants' argument to be unpersuasive. The Supreme Court of this state has interpreted OCGA § 33-24-51 (b) to waive sovereign immunity only "to the extent of the amount of liability insurance purchased for the negligence of its officers, agents, servants, attorneys, or employees [in the performance of their official duties] arising from the use of a motor vehicle." *Gilbert*, supra at 749; accord *Woodard*, supra at 405. While appellee may carry liability insurance for the ownership and/or maintenance of its vehicles, sovereign immunity would not be waived unless such negligent act arose from the "use" of a motor vehicle by an officer, agent, servant, attorney or employee of the county.[3]

---

[3] In *Long v. Hall County Bd. of Commrs.*, 219 Ga. App. 853 (467 SE2d 186) (1996) this Court found that the Hall County Board of Commissioners and the Hall County Correctional Institute were entitled to summary judgment on the basis of sovereign immunity when a prisoner escaped, stole a truck belonging to an individual who was not an agent or employee of the county, which had been parked with the keys in the ignition, and ultimately was involved in a collision with the plaintiffs in the case. Even though the Correctional Institute had an insurance policy which, apparently, covered the Correctional Institute for any liability against it based on an incident involving a motor vehicle, this Court held that "OCGA

While for the purpose of interpreting insurance contracts the courts have adopted a liberal definition of the word "use" which encompasses the normal function and operation of the vehicle, the Supreme Court and this Court in holding that sovereign immunity is only waived under OCGA § 33-24-51 (b) with regard to damages caused by the county's negligence when the negligence of its officers, agents, servants, attorneys, or employees arises from the use of a motor vehicle, give the word "use" a much narrower interpretation, and couples the normal use of the vehicle and its equipment with the operation of such motor vehicle by the county through its officers, agents, servants, attorneys, or employees in the performance of their official duties.

In order for sovereign immunity to be waived under OCGA § 33-24-51 (b), there must be ownership of the motor vehicle or the right to operate the motor vehicle, insurance coverage provided by the county for the operation of such motor vehicle, and the operation of the motor vehicle by an officer, agent, servant, attorney, or employee of the county in their official duties. Mere ownership or negligent maintenance cannot, by itself, waive sovereign immunity. However, if sovereign immunity is waived due to the negligence of any officer, agent, servant, attorney, or employee in the performance of their official duties in *their* use of a motor vehicle for which the county has elected to purchase liability insurance for under OCGA § 33-24-51 (a), then any additional negligent or tortious conduct, such as improper maintenance or repair, could be actionable, even though such torts did not cause the waiver of sovereign immunity.

2. This Court, having found that the appellee has not waived sovereign immunity under the facts and circumstances of the case sub judice, will not reach the issues set forth in appellants' second enumeration of error.

*Judgment affirmed. Beasley, C. J., and Birdsong, P. J., concur.*

DECIDED OCTOBER 29, 1996.

*J. Phillip Boston, Evan M. Altman*, for appellants.

*Jenkins & Nelson, G. Carey Nelson III, Peter R. Olson, Carter & Ansley, Burke B. Johnson, Smith & Associates, Elisa A. R. Roberts, Jack O. Morse*, for appellee.

---

§ 33-24-51 (b) does not apply because the liability of the Hall County Board of Commissioners and the county Correctional Institute is not predicated on *their* alleged negligent use of an insured vehicle." (Punctuation omitted.) Id. at 857.